[No. 12711. Department Two.	December 9, 1915.]

R. L. THOMAS, *Trustee in Bankruptcy etc., Appellant*, v.
OTTO RICHTER, *Respondent*.[1]

LIMITATION OF ACTIONS—ACCRUAL OF ACTION—FRAUD OR VIOLATION
OF STATUTE—CORPORATIONS—REDUCTION OF STOCK—LIABILITY OF TRUS-
TEES. An action against a trustee of a corporation to recover for
creditors the amount of an unlawful diminution of the capital stock,
under Rem. & Bal. Code, § 3697, making it unlawful to reduce or
divide the capital stock and providing that the trustees shall be per-
sonally liable to creditors for the full amount of any such unlawful
reduction or division, is not an action for "relief upon the ground of
fraud," within Id., § 159, subd. 4, providing that an action for relief
upon the ground of fraud shall not be deemed to have accrued until
the discovery by the aggrieved party of the facts constituting the
fraud; but is a liability falling within the sixth subdivision of the
section, limiting to three years an action upon a statute for a penalty
or forfeiture where an action is given to the party aggrieved; hence
the cause is barred three years after the date of the unlawful re-
duction, and is not extended to three years after insolvency of the
corporation and discovery of the fraud.

Appeal from a judgment of the superior court for King
county, Frater, J., entered February 16, 1915, upon sustain-
ing a demurrer to the complaint, dismissing an action to re-
cover money wrongfully withdrawn from the funds of a cor-
poration. Affirmed.

'George F. Hannan, for appellant.

*Bronson, Robinson & Jones*, for respondent.

FULLERTON, J.—The appellant, as trustee in bankruptcy
of the Seattle Sporting Goods Company, a corporation, in-
stituted this action against the respondent, Richter, together
with one J. L. Marr and one S. G. Hamilton, to recover the
sum of $15,000, alleged to have been unlawfully withdrawn
from the capital stock of the corporation named during the
time its business was administered by the respondent and
others while acting as trustees of the corporation. A de-

[1]Reported in 153 Pac. 333.

murrer was interposed to the complaint by all of the defendants, on the grounds, first, that the complaint did not state facts sufficient to constitute a cause of action, and second, that the action was not begun within the time limited by law. After the interposition of the demurrer, the appellant took a voluntary nonsuit as to the defendants Marr and Hamilton. The demurrer was thereupon heard as to the defendant Richter, and sustained upon the second ground stated. The trustee in bankruptcy appeals.

In the complaint it is alleged that the Sporting Goods Company is a corporation organized under the laws of this state; that it was adjudged a bankrupt in the United States district court for the western district of Washington, northern division, on June 17, 1913; that the appellant was elected its trustee in bankruptcy and qualified as such, and was afterwards duly directed by the bankruptcy court to prosecute this action; that, on January 2, 1907, while the corporation was a going concern, at a regular meeting of its stockholders called for that purpose, the capital stock of the corporation was increased from $50,000 to $100,000; that, on the day last named, the corporation entered into an oral agreement with J. L. Marr, by the terms of which Marr agreed to invest in the increased capital stock of the corporation the sum of $15,000, with the understanding that if, in a reasonable time thereafter, he should not be satisfied with his investment the corporation would return to him the amount invested and accept a surrender of the stock; that Marr thereafter became dissatisfied with the investment and demanded a return of the money invested; that the trustees of the corporation, on July 16, 1907, passed a resolution authorizing the return of the money and, pursuant thereto, the money was so returned; that, at the time of such return, the respondent Richter was one of the trustees of the corporation, and voted for the resolution authorizing the return of the money; that the return of the money to Marr by the corporation "was an unlawful and fraudulent reduction, withdrawal and division" of the

capital stock of the corporation, "and that, by reason there-
of, the capital stock of said corporation was attempted to be
reduced $15,000, and that its assets were diminished to the
extent of $15,000"; that the action is prosecuted for the
benefit of the creditors of the corporation, all of whom became
such within three years prior to its commencement; and that
"the plaintiff herein, or said creditors, or any of them, did
not discover any matter herein stated until on or about the
————day of December, 1913."

It is further alleged that the corporation continued to be
a going concern until about the ———— day of June, 1913,
at which date it was adjudged insolvent; that the claims of
the creditors were found to aggregate $67,815.41; that the
tangible assets of the corporation have been reduced to
money, and the money applied to the liquidation of such in-
debtedness, and that there remains of such indebtedness the
sum of $55,804.23. The prayer of the complaint is for the
recovery of the amount diverted from the corporation's fund,
with interest thereon at the statutory rate from the date of
such diversion.

The action is founded upon § 3697 of Rem. & Bal. Code,
which reads as follows:

"It shall not be lawful for the trustees to make any divi-
dend except from the net profits arising from the business of
the corporation, nor divide, withdraw, or in any way pay to
the stockholders, or any of them, any part of the capital
stock of the company, nor to reduce the capital stock of the
company unless in the manner prescribed in this chapter, or
the articles of incorporation or by-laws; and in case of any
violation of the provisions of this section, the trustees under
whose administration the same may have happened, except
those who may have caused their dissent therefrom to be
entered at large on the minutes of the board of directors at
the time, or were not present when the same did happen, shall,
in their individual or private capacities, be jointly or sev-
erally liable to the corporation, and the creditors thereof in
the event of its dissolution, to the full amount so divided, or
reduced, or paid out: Provided, that this section shall not

be construed to prevent division and distribution of the capital stock of the company, which shall remain after the payment of all its debts upon the dissolution of the corporation or the expiration of its charter."

In this court no question is made as to the sufficiency of the complaint, the sole question discussed being whether the action was commenced within the time limited by law. The parties are agreed that the controlling section on this question is § 159 of Rem. & Bal. Code, which limits the time within which actions may be commenced for the causes therein mentioned to three years; they do not agree, however, as to which of the particular subdivisions of the statute the action is referable.

The statute, in so far as it is material to the question in hand, reads as follows:

"Within three years, . . .

"(4)   An action for relief upon the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud; . . .

"(6)   An action upon a statute for penalty or forfeiture, where an action is given to the party aggrieved, or to such party and the state, except when the statute imposing it prescribed a different penalty [limitation]; . . ."

The appellant contends that the action is referable to the fourth subdivision of this section of the statute. He argues that the statue giving rise to the cause of action is remedial, intended to prevent frauds upon the creditors of corporations, and can be maintained at any time within three years after the discovery of the act. In support of the contention, he cites and relies upon the cases from this court of *Union Trust Co. v. Amery*, 67 Wash. 1, 120 Pac. 539, and *Brenaman v. Whitehouse*, 85 Wash. 355, 148 Pac. 24. In the first of these cases the court did say that the case fell within the particular subdivision cited, and that:

"The obvious purpose of the statute is to make the public records show the amount of the capital stock of a corpora-

tion; in other words, to speak the truth. It follows, therefore, that, where the capital stock has not been diminished in compliance with the statute, the original articles of incorporation operate as a continuing representation on behalf of the corporation that its capital stock is unimpaired, and that the impairment of its capital stock in any other manner is a fraud upon its creditors, both as to the corporation and all others who participate in or profit by such an act."

The court further said, however, that it was not necessary to decide whether the cause of action accrued and the statute commences to run when the stock is sold or when insolvency takes place, as three years had not elapsed between the date of sale and the date of the adjudication of bankruptcy. In the second case cited, the question of the statute of limitations was not raised in this court, an examination of the appellant's brief showing that the cause was discussed solely from the standpoint of the merits of the controversy.

It cannot be gainsaid that, if the question is referable to the fourth subdivision of the section cited, there are strong grounds for the contention that the statute begins to run from the adjudication of insolvency, or at least from the time prior to that date when the creditor learns of the wrongful diversion of the capital stock. For, if the gist of the action be relief on the ground of fraud, then the rule relating to the time in which actions may be commenced in such cases would seem to obtain, and the action could be commenced at any time within three years after the discovery of the fraud.

But on further consideration we cannot think that fraud is the gist of actions of this sort. To constitute an action for "relief on the ground of fraud," the fraud must be the substantive cause of the action, the cause without which the action would not exist; the fraud must have been practiced upon the complaining party, causing him to assume some obligation or liability or suffer some loss which but for the fraud he would not have assumed or suffered. *Cornell v. Edsen*, 78 Wash. 662, 139 Pac. 602, 51 L. R. A. (N. S.) 279.

Manifestly, the present cause of action does not arise out of fraud practiced upon the appellant. The creditors of the corporation were not induced to become such by reason of the acts of the trustees, nor did they become such before the commission of the act of which complaint is made. The cause of action arises from statute. The creditors are given an additional remedy for the obligation due them from the corporation when the trustees have been guilty of acts in the administration of the corporation affairs which the statute has declared unlawful. The motives which actuate the trustees are of no moment. They may act in the best of faith, or intend the grossest of frauds, yet the liability arises if they act in contravention of the statute. The action is, therefore, one upon a liability created by statute. It is both remedial and penal, and we think is referable rather to the sixth subdivision of the statute than to the fourth.

From an examination of the dates before given, it will be observed that more than six years elapsed between the date of the wrongful depletion of the capital stock complained of and the date the corporation was declared insolvent. If a right of action for the wrong here committed can survive that period, it can survive any period short of the statutory time the corporation is permitted to exist; in this state fifty years. The liability is thus extended longer than it is extended for far more serious wrongs. For the recovery of real property, the limitation is ten years; on contracts in writing, it is six years; for waste and trespass upon real property, for taking, detaining or injuring personal property, or for injuries to the person, or rights of another, the limitation is three years; for libel, slander, assault, or assault and battery, or false imprisonment it is two years; and many other wrongs, at least as serious in their effects as the present wrong, have even a less limitation. These statutes announce a public policy. It is believed that it is better for the public that some rights be lost than that stale litigation be permitted. It follows, therefore, that when the limitation

of the liability fixed by the statute is doubtful or debatable, it should be so construed as not to contravene that policy.

Our conclusion is that the statute began to run when the unlawful withdrawal of the fund was made, and that the trial court rightly held the action barred by the statute.

The judgment is affirmed.

MORRIS, C. J., MAIN, and ELLIS, JJ., concur.