[No. 13492.  *En Banc.*  December 26, 1916.]

GOLDEN EAGLE MINING COMPANY, *Appellant*, v. IMPERATOR-QUILP COMPANY *et al.*, *Respondents*.[1]

LIMITATION OF ACTIONS—FORM OF ACTION—RELIEF ON GROUND OF FRAUD — TRESPASS — ACCRUAL.  An action to recover damages for wrongful entry upon a mining claim and the removal of ore from plaintiff's lands through defendants' underground workings, which was not discoverable at the time, is not an action for relief upon the ground of fraud, under Rem. Code, § 159, providing that such an action shall not be deemed to have accrued until three years after the discovery of the fraud, but an action of trespass that is barred by Id., § 155, after three years.

Appeal from a judgment of the superior court for Ferry county, Pendergast, J., entered February 16, 1916, upon sustaining a demurrer to the complaint, dismissing an action for trespass.  Affirmed.

*A. J. Laughon* and *LeRoy McCann*, for appellant.

*Voorhees & Canfield*, for respondents.

PARKER, J.—As we proceed we think it will appear that this is nothing more than an action to recover damages resulting from trespass upon real property, though counsel for the plaintiff insist that it is, in substance, an action for relief upon the ground of fraud.  The defendants demurred to the plaintiff's complaint upon the ground that it appears from the allegations thereof that the action has not been commenced within the time limited by law.  This demurrer being sustained by the trial court, and the plaintiff electing to not plead further, judgment of dismissal was rendered, from which it has appealed to this court.

The facts, as alleged in the complaint, may be summarized as follows:  Appellant and respondents are the owners of adjoining mining claims in the Eureka mining district of Ferry county.  Between September 15, 1910, and August

[1]Reported in 161 Pac. 848.

20, 1912, in their mining operations upon their claim, respondents exposed and developed their vein or lode of ore to a point of intersection of the same with the boundary line between the two claims to a depth of between three hundred and five hundred feet below the surface of the ground, and knowingly, wrongfully entered upon and into appellant's claim at that point and extracted and removed ore therefrom of the value of several thousands of dollars. There were no underground workings of any character upon appellant's claim and it did not discover, nor have any means of discovering, respondents' wrongful removal of the ore until December 15, 1912. On December 3, 1915, over three years after the wrongful removal of the ore from appellant's mine, but less than three years after its discovery thereof, appellant commenced this action in the superior court for Ferry county seeking recovery of the value of the ore so wrongfully removed.

The only question here presented is as to when the statute of limitations commenced to run against appellant's right to recover; that is, when did appellant's cause of action accrue within the meaning of our statute? The portions of our statute here necessary for us to notice read as follows:

"Actions can only be commenced within the periods herein prescribed after the cause of action shall have accrued, except when in special cases a different limitation is prescribed by statute; . . ." Rem. Code, § 155.

"Within three years,—1. An action for waste or trespass upon real property; . . . 4. An action for relief upon the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud; . . ." Id., § 159.

We have a number of other special provisions providing for suspension of the statute in certain specified cases, but none of such provisions come as near touching the question of such suspension of the commencement of the running of the

statute in this case as does subdivision 4 of § 159, above quoted, relating to actions for relief upon the ground of fraud. The fact, however, that there are these several special provisions limiting the commencement of the running of the statute in certain cases to a time after the actual accrual of the cause of action is of interest in our present inquiry, in that they evidence a legislative intent to do away with all other exceptions to the general rule that statutes of limitation commence to run upon the accrual of the cause of action, that is, upon the arrival of the time when the plaintiff has a right to sue, regardless of his knowledge of such right.

It is argued in appellant's behalf that this is an action for relief upon the ground of fraud, and that, therefore, the statute did not commence to run against appellant's right to sue until it discovered its loss caused by respondents' wrongful removal of the ore. It seems to us that this contention has been logically answered in our recent decisions in *Cornell v. Edsen,* 78 Wash. 662, 139 Pac. 602, 51 L. R. A. (N. S.) 279, and *Thomas v. Richter,* 88 Wash. 451, 153 Pac. 333. The *Edsen* case was one for damages against an attorney for wrongfully voluntarily dismissing an action, concealing the fact and leading his client to believe that his case had been decided against him upon the merits. This was held not to be an action for relief upon the ground of fraud, in that fraud was not the gravamen nor an essential element of the cause of action, and that, therefore, it was barred at the expiration of three years from its accrual, regardless of the knowledge of the client. The *Richter* case was one in which damages were sought against a trustee of a corporation for the benefit of creditors because of the unlawful diminution of the capital stock of the corporation by the trustee in violation of a statute making such act unlawful and rendering the trustee personally liable to creditors therefor. This was also held not to be an action for relief upon the ground of fraud and that, therefore, it was barred, regardless of the stockholders' knowledge of the wrong, at the expiration of

three years.   These decisions, it is true, do not deal with underground mining trespass, but they do, we think, deal with cases in which there would have been fully as much reason for holding the action to be for relief upon the ground of fraud as in this case.   The wrongs there involved could as well be characterized "fraudulent" as the wrong here involved.   In the *Richter* case, at page 455, Judge Fullerton, speaking for the court, said:

"To constitute an action for 'relief on the ground of fraud,' the fraud must be the substantive cause of the action, the cause without which the action would not exist; the fraud must have been practiced upon the complaining party, causing him to assume some obligation or liability or suffer some loss which but for the fraud he would not have assumed or suffered."

This, it seems to us, is the key to the solution of the problem here involved.   Nothing seems plainer to us than that appellant's cause of action in this case does not rest upon the fact that there was wrongdoing on the part of respondents which could in a sense be characterized as fraud or deceit.   An ordinary theft and the concealing of it is no less wrongful or fraudulent; yet, plainly, one who is deprived of his property by another by any such wrong has no more complete or perfect right of action for its recovery or damages for its loss than when his property is taken by some method unattended by wrong of this character.   In other words, such fraud and deceit, if one chooses to so characterize the wrong, adds nothing to the completeness of the injured person's cause of action.

Our attention has been called to two decisions which apparently hold that the secret taking of ore from beneath the surface of the ground is in effect a fraud upon the rights of the owner of the property trespassed upon, such as gives him a cause of action for relief upon the ground of fraud.   Such, in substance, was the holding of the Pennsylvania supreme court in *Lewey v. Fricke Coke Co.*, 166 Pa. St. 536, 31 Atl.

261, 45 Am. St. 684, 28 L. R. A. 283, which holding, however, seems to have been without reference to any statute controlling the question. Such also was the holding of the supreme court of California in *Lightner Min. Co. v. Lane,* 161 Cal. 689, 120 Pac. 771, Ann. Cas. 1913C 1093, under a statute apparently the same as our own. These appear to be the only American decisions holding that underground trespass in mining cases constitute such an exception to the rule of the statute of limitations relative to waste or trespasses upon real property. Mr. Lindley, apparently resting his conclusion upon these decisions, seems to regard the rule they announce as the correct rule. Lindley, Mines (3d ed.), § 867.

We are, however, unable to assent to this doctrine, and adhere to the views expressed in our own recent decisions above noticed, which we regard as controlling in this case. Much argument is indulged in by counsel for appellant touching the justice of the rule they contend for. This, however, it seems to us, as plausible as it is, has to do with the policy of the law only, which opens a wide field for discussion and difference of opinion. It is easy to argue relative to any statute of limitations as applied to a particular case that it works injustice. But it must be remembered that these are statutes of repose, and as said in *Thomas v. Richter, supra:*

"It is believed that it is better for the public that some rights be lost than that stale litigation be permitted."

We conclude that the judgment must be affirmed. It is so ordered.

MORRIS, C. J., MOUNT, MAIN, ELLIS, FULLERTON, HOLCOMB, and CHADWICK, JJ., concur.