[No. 19203.    Department One.    September 29, 1925.]

## HUTCHINSON REALTY COMPANY, *Respondent,* v. JOSEPHINE HUTCHINSON, *Appellant.*[1]

LIMITATION OF ACTIONS (25)—RELIEF ON GROUND OF FRAUD—QUIET-ING TITLE. An action to recover real property and quiet title by removing the cloud of a deed, wrongfully made by officers of a corporation without authority or consideration, is not an action for relief on the ground of fraud, within the purview of Rem. Comp. Stat., § 159, subd. 4, limiting the same to three years after discovery of the fraud; but is simply an action to try title, within Id., § 785, wherein the superior title, whether legal or equitable, prevails.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered September 2, 1924, upon findings in favor of the plaintiff, in an action to quiet title, tried to the court. Affirmed.

*Plummer, Zent & Lovell,* for appellant.

*McWilliams, Luby, Pearson & Orr,* for respondent Hutchinson Realty Company.

*F. A. McMaster,* for respondent Howe, administrator.

*Hamblen & Gilbert,* for respondent McCrea.

PARKER, J.—This action was commenced in the superior court by the plaintiff, Hutchinson Realty Company, against the defendant, Josephine Hutchinson, seeking recovery of certain real property and the quieting of its title thereto by the removal of clouds thereon in the form of deeds of conveyance purported to have been executed and delivered by it to her; which deeds, it asserts, were executed wholly without consideration moving to it and wholly without authority of its president so pretending to execute them, all of which was well known to her at the time of receiving the deeds.

[1]Reported in 239 Pac. 388.

A trial in the superior court resulted in findings and judgment in favor of the plaintiff quieting its title as prayed for, from which the defendant has appealed to this court. Certain stockholders and the subsequently appointed receiver of the plaintiff became parties to the action before trial, but they all seek the same relief in behalf of the plaintiff as that prayed for by it. Our conclusions render it unnecessary for us to further notice these additional parties, so for convenience of expression we shall refer to the original plaintiff and defendant as though they were the only parties.

Appellant seeks reversal of the judgment solely upon the ground that the action was, at the time of its commencement, barred by subd. 4, § 159, Rem. Comp. Stat., being a part of our general statute of limitations, because, as it is contended, this is "an action for relief upon the ground of fraud." The controlling facts touching this question are embodied in the trial court's findings, none of which is challenged by exceptions properly made of record or by any argument in the briefs of counsel filed upon this appeal, and may be summarized as follows: Respondent was duly organized as a corporation under the laws of this state in the year 1913, and soon thereafter acquired title to the real property in question. At the time of the purported execution of the deeds in question, R. A. Hutchinson was president of respondent. At that time Mr. Hutchinson was unmarried, being a widower whose marriage to appellant was then contemplated by both of them. Touching the execution of the deeds, the trial court found as follows:

"That the said R. A. Hutchinson, who was then president and a trustee of said Hutchinson Realty Company, without authority of the board of trustees or of the intervenors, and without any consideration whatever moving to said Hutchinson Realty Company

or said intervenors, but for his own personal benefit, and as a marriage settlement upon the defendant Josephine Hutchinson, then Josephine Canta, caused to be executed in the name of said Hutchinson Realty Company by himself as president and by the said Rachel A. McCreary as secretary, and attested by its corporate seal, a deed of conveyance to said Josephine Canta, dated the 11th day of October, 1915, purporting to convey to the said Josephine Canta, the following described real estate situate in the city of Seattle, county of King, and state of Washington, then the property of said Hutchinson Realty Co., to-wit: . . . and also a deed of conveyance to said Josephine Canta, dated the 17th day of August, 1916, purporting to convey to the said Josephine Canta, the following described real estate, situate in the city of Seattle, county of King, state of Washington, to-wit: . . ."

The trial court further found touching the relation of Mr. Hutchinson with appellant and their official connection with respondent as follows:

"That on the 3rd day of December, 1916, the said R. A. Hutchinson and the said Josephine Canta were married and thereafter until his death, remained husband and wife; and upon such marriage the said Josephine Hutchinson became and thereafter until subsequent to the date of the death of her said husband remained a trustee of the plaintiff Hutchinson Realty Company, and that during said period the defendant, Josephine Hutchinson and her said husband, R. A. Hutchinson, constituted a majority of the board of trustees of said corporation and were in entire control of its affairs, and notwithstanding the conveyances aforesaid the said R. A. Hutchinson with the acquiescence and consent of the defendant, Josephine Hutchinson, continued until the time of his death to collect the rents, issues and profits of said real estate and pay the taxes thereon."

Mr. Hutchinson died on July 19, 1921. This action was commenced by respondent on March 17, 1923.

Referring to actions which must be commenced within three years after the cause of action shall have accrued, § 159, Rem. Comp. Stat., specifies:

"4.   An action for relief upon the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud."

We shall assume, as we proceed, that the cause of action here in question, whatever its nature may be, accrued upon the purported execution of the deeds in question.   We need not notice the difference in the time of the purported execution of the deeds, since more than three years elapsed from the purported execution of both of them prior to the commencement of this action.   Our real problem is reduced to this: Is this a cause for action upon the ground of fraud within subd. 4, § 159?   If it is not, then this action is not barred, since it is plain, indeed it is conceded, that none of our statutory limitations bars the action if it is not barred by subd. 4 of § 159.

The problem of whether or not an action is for "relief upon the ground of fraud" in any given case has been fruitful of much concern and some, at least seeming, conflict of views in the courts of this country. This court has, in any event, in its later expressions upon the subject, committed itself to a doctrine which we think plainly negatives the thought that this is an action for relief upon the ground of fraud within the meaning of subd. 4, § 159; this, upon the ground that fraud is not of the essence of the cause of action.   Whatever there may have been in the execution of these deeds that could be characterized as fraud, we think such fraud was of no different character in its legal effect than that which may accompany any wrongful taking of the property of another, wholly apart from

fraud inducing the entering into of a contract. These deeds, we have seen, were executed wholly without consideration moving to respondent and wholly without authority on the part of respondent's president, as appellant was bound to then know in view of the fact that she was then knowingly receiving direct conveyances therefor from respondent, executed by its president in consideration of an agreement between her and its president for their sole private benefit and without the semblance of any benefit flowing to respondent. It is not claimed, indeed could not be with any show of reason in the light of this record, that she practiced any deceit or fraud inducing the execution of the deeds. She simply accepted conveyances which she had no legal right to, as against respondent. These deeds we think not only voidable but wholly void, in so far as any right which appellant may claim thereunder is concerned. If, after the deeds were issued to her, she having thereby apparently acquired good title to the property, she had conveyed the property to an innocent purchaser for value, such purchaser might be able to successfully claim protection under such conveyances against claim of title which might be made by respondent, upon the ground of estoppel. But that is not this case.

In *Wagner v. Law,* 3 Wash. 500, 28 Pac. 1109, 29 Pac. 927, 28 Am. St. 56, 15 L. R. A. 784, we have a case wherein a judgment creditor, who had also become a purchaser at execution sale, sought to set aside a fraudulent conveyance made by the judgment creditor, which was alleged to be a cloud upon the plaintiff's title acquired by the sheriff's deed; the complaint alleging that the conveyance was fraudulent and made for the purpose of defrauding the judgment debtor's creditors. Holding that it was not an action for relief

upon the ground of fraud, Judge Dunbar, speaking for the court and referring to subd. 4 of § 159, then known as § 28 of the code of 1881, said:

"The eighth ground of defendant's demurrer is, that the cause of action is barred by the statute of limitations; it being an action for relief on the ground of fraud, it falls within the provisions of the 28th section of the code, which requires such action to be brought within three years, or . . . But we are of the opinion that this kind of an action does not fall within the provisions of either section referred to. It is not an action for relief upon the ground of fraud within the contemplation of § 28. That section we think has reference to suits by parties to contracts who are asking to be relieved from contracts that they were fraudulently induced to make, as where a deed has been fraudulently obtained, and suits of that character where fraud is the substantive cause of the action. But in this case the alleged fraud is only an incident; the deeds have been treated as fraudulent, and that fact was assumed by the sale of the land, as between the creditor and the fraudulent conveyancer. As we have before said, the fraudulent deed conveyed nothing and was rendered absolutely void by the levy and sale; and the title was vested in the purchaser by the sheriff's deed, and as was said by the court in *Hager v. Shindler,* 29 Cal. 48, the purchaser had then for the first time a title to be clouded, and 'her right to bring her action does not antedate the facts in which it had its origin.' It cannot be concluded that an action to remove a cloud falls within the statute of limitations for actions for relief upon the ground of fraud, for there may be clouds upon the title without the aid of fraud. 'Hence,' as was said by the court in *Stewart v. Thompson,* 32 Cal. 261, 'fraud is a false quantity when we come to assign an action of this character to its proper class under the statute of limitations.' In this case the plaintiff is the owner of the land; she has title to the land, and she alleges that this title is clouded by fraudulent deeds which are on the record."

We do not fail to observe that the court there took notice of the fact that three years had not elapsed after the execution of the sheriff's deed under which the plaintiff claimed. The reasoning of the court, however, we think, leads to the conclusion that the action by its very nature was not "an action for relief upon the ground of fraud." So viewing that decision, it seems directly in point and conclusive in favor of respondent in this case.

In *Morgan v. Morgan,* 10 Wash. 99, 38 Pac. 1054, a divorced wife sought the setting aside of a deed made by her to her husband, upon the ground that it had been fraudulently obtained from her by him. It was there held that the action was one for relief upon the ground of fraud. There, it will be noticed, as distinguished from our present case, the conveyance was not made through a known unauthorized agency, but directly by the wife herself, resulting, of course, in her then voluntarily divesting herself of the legal title; and besides, she was, by fraud of her grantee, induced to execute the deed. The court observed that the deed "passed to the defendant whatever title or interest the plaintiff had in the lands, and she must have intended it to do so." It cannot be said that respondent ever intended title to pass to appellant by its president's unauthorized execution of these deeds, nor can it be said that appellant fraudulently induced their execution. She made no false representations to that end. She simply took an apparent title to which she had no legal right.

In *Union Trust Co. v. Amery,* 67 Wash. 1, 120 Pac. 539, there was drawn in question a fraudulent diminution of the capital stock of the corporation, in an action brought by a trustee in bankruptcy to recover the amount of such diminution from the one to whom the

payment causing the diminution had been made.  It was held that the limitation against the bringing of the action was that prescribed by subd. 4, § 159, and three years not having elapsed at the time of the commencement of the action, it was not barred.  The question of whether or not it was an action for relief upon the ground of fraud seems to have been but briefly argued and considered as a minor question in the case, there being no discussion or citation of authorities. That conclusion may be out of harmony with the early decision in *Wagner v. Law, supra,* but, as we shall presently see, the decision in *Wagner v. Law* has been adhered to in our later decisions.

In *Cornell v. Edsen,* 78 Wash. 662, 139 Pac. 602, 51 L. R. A. (N. S.) 279, there was involved the recovery of damages against an attorney who wrongfully dismissed an action, concealing the fact from his client, who did not discover it until the expiration of three years thereafter, and then within three years from discovery sought recovery therefor from his attorney; it being claimed that the action was barred by the two-year statute, it was in turn claimed by the plaintiff that it was an action for relief upon the ground of fraud because of the nature of the attorney's original wrong and his concealing of it.  It was squarely held that it was not an action for relief upon the ground of fraud.  In so holding, Judge Morris, speaking for the court, said:

"Appellant seeks to avoid the statute by asserting that the cause of action is based upon fraud, and the statute would not begin to run until after its discovery, founding his argument upon Rem. & Bal. Code, § 159, subd. 4 (P. C. 81 § 63), providing that actions for relief upon the ground of fraud are barred within three years, but that the cause of action in such case shall not be deemed to have accrued until the discovery by

the aggrieved party of the facts constituting the fraud. This provision has no application to the case presented, because it is not 'an action for relief upon the ground of fraud.' We have held that this provision 'has reference to suits by parties to contracts who are asking to be relieved from contracts that they were fraudulently induced to make, as where a deed has been fraudulently obtained, and suits of that character where fraud is the substantive cause of the action.' *Wagner v. Law,* 3 Wash. 500, 28 Pac. 1109, 29 Pac. 927, 28 Am. St. 56, 15 L. R. A. 784. To the same effect is *Morgan v. Morgan,* 10 Wash. 99, 38 Pac. 1054, citing authorities interpreting like statutes. The appellant is not here seeking to relieve himself of the burden of some obligation or liability he was induced to assume or undertake by reason of some fraudulent act on the part of respondent, and which he would not have assumed or undertaken except for such fraudulent act. There is here no prayer addressed to a court of equity for relief because of fraud or misrepresentation.''

These observations, it will be noticed, were rested upon our decision in *Wagner v. Law.*

In *Thomas v. Richter,* 88 Wash. 451, 153 Pac. 333, we again have a case involving unlawful diminution of the capital stock of a corporation, recovery being sought therefor by a trustee in bankruptcy against the officer of the corporation causing such diminution. It was held that the three-year limitation prescribed by subd. 4, § 159, was not applicable to such a case because it was not an action for relief upon the ground of fraud. After reviewing the question at some length, in so holding, Judge Fullerton, speaking for the court, said:

''To constitute an action for 'relief on the ground of fraud,' the fraud must be the substantive cause of the action, the cause without which the action would not exist; the fraud must have been practiced upon the complaining party, causing him to assume some obligation or liability or suffer some loss which but for the

fraud he would not have assumed or suffered.  *Cornell v. Edsen,* 78 Wash. 662, 139 Pac. 602, 51 L. R. A. (N. S.) 279.''

In *Golden Eagle Min. Co. v. Imperator-Quilp Co.,* 93 Wash. 69?, 161 Pac. 848, there was involved a claim of recovery of damages for wrongful entry upon a mining claim several hundred feet below the surface and the removal of ore therefrom.  Again, it was squarely held that the three-year limitation prescribed by subd. 4, § 159, had no application to such an action, upon the ground that it was not an action for relief upon the ground of fraud, though the entry was secret and there was no discovery by the owner of the ore which was removed until more than two years after its removal.

Finally, in *Bradbury v. Nethercutt,* 95 Wash. 670, 164 Pac. 194, it was squarely held that an action to quiet title by the removing of clouds thereon consisting of a certain deed and mortgage which were fraudulently changed before delivery, was not one for relief upon the ground of fraud, and that the three-year limitation prescribed by subd. 4, § 159, had no application to the limitation of the time for bringing such action.  So holding, Judge Holcomb, speaking for the court, said:

''Error is also assigned because appellants' demurrer to the second amended complaint was overruled, it being appellants' contention that the basis of this action was fraud and that this case, therefore, falls within Rem. Code, § 159, which limits actions for relief upon the ground of fraud to a period of three years. But the gravamen of this action is to quiet title and, even though fraud is practiced in creating the cloud, it is not subject to the three-year limitation in actions for relief on the ground of fraud, as shown by the fol-

lowing quotation from *Wagner v. Law,* 3 Wash. 500,
. . ."

We are of the opinion that this is simply an action to try title to real property (§ 785, Rem. Comp. Stat.), wherein "the superior title whether legal or equitable shall prevail." Rem. Comp. Stat., § 793. The judgment is affirmed.

TOLMAN, C. J., ASKREN, and MACKINTOSH, JJ., concur.