[No. 22065. Department One. January 2, 1930.]

JOHN GUSTAFSON, *Appellant,* v. W. E. CULLEN *et al.,*
*Respondents.*[1]

*A. C. Clausen,* for appellant.

*Lucius G. Nash* and *Harry Rosenhaupt,* for respond-
ents.

TOLMAN, J.—Appellant, who was plaintiff below, has
appealed from a judgment of dismissal entered after
the sustaining of a demurrer to his complaint and his
election to stand on his complaint.

The complaint, omitting formal averments, and
somewhat freely interpreted, may for present purposes
be summarized as follows:

It alleges that respondent W. E. Cullen was on May

[1]Reported in 283 Pac. 1087.

7, 1924, the president of a certain mining corporation organized under the laws of the state of Montana and owning or having some interest in a mining property in that state; that, at the time mentioned, respondent Cullen represented to appellant that the mining company was an entirely solvent and going concern; that it had obtained, by loan for that specific purpose, the sum of one thousand dollars to be used only to do certain specified development work and that no part of the money would be used for any other purpose until the specified work had been performed and fully paid for.

It is alleged that appellant interviewed the lender above referred to and from him received verification as to the terms of the loan from him. Thereupon, in reliance upon the specific fund for his pay and upon the representations made by Cullen with reference thereto, appellant entered into a written contract with the mining company to do the work indicated, which contract was executed on behalf of the mining company by Cullen as its president. The written contract is set forth in the complaint. It describes the work to be done, fixes the price per foot and, as it names no time for payment thereby, creates a situation where the law implies a promise to pay when the work is completed.

The complaint charges an immediate entry upon the work by the appellant, its completion according to the terms of the contract by June 1, 1924, and that, by the terms of the contract, there thereby became due to appellant $670, only a portion of which has been paid. It is further alleged that, thereafter, until the spring of 1925, respondent Cullen, by various excuses, led appellant to believe that he would soon be paid and kept him quiescent. It is then alleged:

"That by diligent inquiry and within three years immediately prior to the commencement of this action,

and not before, plaintiff ascertained, and upon information and belief alleges,"

that the mining company was wholly insolvent to the knowledge of respondent Cullen at the time the contract was entered into and has so remained ever since; that, within a short time after the execution of the contract, the mining company forfeited all of its right, title and interest in and to all of its mining property by reason of non-compliance with its engagements and contracts with relation thereto; that, with the exception of the amount paid on account, all of the remainder of the special fund obtained by loan, as hereinbefore indicated, for the special purpose of paying for the work performed by the appellant,

" . . . was wilfully, fraudulently, and wrongfully appropriated by said defendant Cullen and others connected with said mining company for his and their own use and benefit, of which money not less than the balance due plaintiff thereunder as aforesaid was so appropriated by said defendant W. E. Cullen for his own use and benefit and the benefit of his said marital community, contrary to the express terms of said loan of one thousand dollars as aforesaid and without any· legal right or authority therefor, thereby depriving the plaintiff of the use and benefit thereof, to his damage in the sum of Three Hundred and Seventy-five Dollars ($375.00)"

and interest. It is further alleged that, ever since the month of December, 1927, respondents have concealed themselves outside of the county of Spokane, state of Washington, and have been absent from the state, and that only in the month of September, 1928, did appellant become aware that respondents were residing within Spokane county.

It will thus be seen that there are two questions presented by the demurrer. First, does the complaint state facts sufficient to constitute a cause of action; and,

second, does it appear from the face of the complaint that the statute of limitations has run against the cause of action, if one be stated?

■ Construing the complaint liberally, as is our rule, we have here alleged:

(a) The creation of a special fund wholly dedicated to the one purpose;

(b) The intrustment of control of that fund to respondent Cullen by virtue of his office as president of the mining company with full knowledge upon his part and for the sole purpose of having the money paid to appellant when he had earned it; and,

(c) The earning of the fund by him and thereafter the wrongful misappropriation of it by the respondent.

For good measure, the complaint further shows that there is no other source from which appellant can be made whole.

Under our decisions, we think this sufficient. In *Soderberg v. King County,* 15 Wash. 194, 45 Pac. 785, 55 Am. St. 878, 33 L. R. A. 670, after an extensive review of the authorities, this court fully recognized the general rule that such an action will lie against one who has money in his hands which, in equity and good conscience, he is not entitled to retain as against the plaintiff in the action, and that want of privity between the parties is no bar.

In *Bosworth v. Wolfe,* 146 Wash. 615, 264 Pac. 413, we said:

"The action for money had and received was invented by the common law judges to secure relief from the narrower restrictions of the common law procedure, which afforded no remedy in too many cases of merit. The action is a modified form of assumpsit. It has gone through various transformations; first from tort, then from contract, and afterwards into a remedy where there was technically neither tort nor contract. It is founded on the principle that no one ought un-

justly to enrich himself at the expense of another, and the gist of the action is that the defendant has received money which, in equity and good conscience, should have been paid to the plaintiff, and under such circumstances that he ought by the ties of natural justice, to pay it over. *Haywood v. Northern Assurance Co. of Detroit,* 133 Minn. 360, 158 N. W. 632, Ann. Cas. 1918D 241.''

See, also, *Byram v. Thurston County,* 141 Wash. 28, 251 Pac. 103, 252 Pac. 943, and *Fidelity National Bank v. Henley,* 24 Wash. 1, 63 Pac. 1119.

The complaint was filed on November 8, 1928, and therefore speaks as of that date. The three-year statute is here applicable (Rem. Comp. Stat., § 159), and subdivision 4 of that section provides that, in actions for relief on the ground of fraud, the cause of action shall not be deemed to have accrued until the fraud is discovered. It appears from the complaint that appellant discovered that he had not been paid as early as June 1, 1924, but there is no inference that he then discovered the reason for the nonpayment. Mere nonpayment does not of itself indicate wrongdoing or misapplication of the fund. It is alleged that excuses were offered which satisfied him for about a year, but there is nothing in the complaint as to what, if anything, he did from about June 1, 1925, up to the beginning of the three-year period next preceding the filing of the complaint. Can we assume simply from his not having been paid that he could and should have discovered within that period of five or six months that the respondent Cullen had diverted the money to his own use? To do so, would be to disregard the rule that all men are presumed to act honestly until the contrary appears.

There was no public record, indicating the true condition, of which he was bound to take notice, and nothing is shown by the complaint which would put

him upon notice. Naturally, those at fault would not advertise their wrongful act; hence, we think, under the rule laid down in *Rennebohm v. Rennebohm,* 153 Wash. 102, 279 Pac. 402, and the cases there cited, the complaint is good as against a general demurrer.

The judgment appealed from is reversed and the cause remanded for further proceedings.

MITCHELL, C. J., BEALS, and MILLARD, JJ., concur.

PARKER, J. (dissenting in part)—I concur in the foregoing opinion in so far as it holds that the complaint states a cause of action.

I concur in the result of the holding therein that the cause of action, as pleaded, is not barred by the statute of limitations; but upon a different ground than that set forth in the opinion. I rest my concurrence upon the ground that respondent Cullen acquired the fund in trust for appellant Gustafson, and did not disclaim his trust obligation until a time within the statutory period of limitation for the commencement of the action, preceding the commencement of the action. It was then, the time of his disclaimer of his trust obligation, that the cause of action arose against him in favor of appellant.

I dissent from the view, as I understand it expressed in the foregoing opinion, that the action is not barred because of the time of discovery of the so-called fraud being less than three years prior to the commencement of the action, because I am of the opinion that this is not "an action for relief upon the ground of fraud," within the meaning of Rem. Comp. Stat., § 159, subd. 4, prescribing the period of limitation of time for the commencement of such an action; that is, I think the action is not grounded upon fraud. It seems to me our decision in *Hutchinson Realty Co. v. Hutchinson,* 136 Wash. 184, 239 Pac. 388, and a number of our prior decisions therein reviewed, support my conclusion.