No. 31,598

Joint School District No. 8 in Montgomery County, *Appellant,*
v. Labette County Community High School, *Appellee.*

(33 P. 2d 948.)

Opinion filed July 7, 1934.

*Sullivan Lomax,* of Cherryvale, for the appellant.
*Elmer C. Clark, Sr.,* of Oswego, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by joint school district No. 8 in Montgomery county, maintaining the Cherryvale high school, against the community high-school district of Labette county, for tuition of pupils from the community district attending the Cherryvale high school. The answer admitted plaintiff's claim, but the answer set up a counterclaim for tuition wrongfully charged to and paid by the community district, on account of tuition of pupils attending the Cherryvale high school as from the community district, when in fact they were from the Dennis rural high-school district. The counterclaim was allowed, and judgment was rendered for plaintiff for the portion of its claim above the amount of the counterclaim. Plaintiff appeals.

The counterclaim was for items improperly included in tuition vouchers for the years 1926-'27-'28-'29-'30. The fact that the community district had been paying tuition of pupils from the rural district was not discovered until 1931. In September, 1931, the superintendent of the Cherryvale high school, who was also clerk of the board of education, wrote a letter to the principal of the community school, giving assurance that adjustments which would be right would be made, but nothing was done. The community district then felt obliged to withhold payment of tuition of its own

pupils attending Cherryvale high school until the amount due would offset the sum the Cherryvale, high school was wrongfully detaining. The cash-basis law of 1933 brought matters to a head.

Cherryvale pleaded the statute of limitations as a bar of the counterclaim. To avoid the bar, the community district relied on constructive fraud, which was not discovered until the summer of 1931. The court made the following finding of fact:

"The court having heard the evidence, and from the admitted facts, and being now fully advised in the premises, finds that the amount claimed by joint school district No. 8, of Montgomery county, Kansas, known as Cherryvale high school, was in the sum of $1,307.28, and that respondent is entitled by reason of constructive fraud on the part of claimant to a credit thereon in the sum of $815.60, leaving a balance due claimant in the sum of $491.68."

The superintendent of Cherryvale testified that when pupils from Labette county appeared he took their names and the numbers of the school districts of Labette county in which they lived. He made no investigation to ascertain the correct residence of any pupil, but he sent lists of nonresident pupils to the county superintendent of Labette county for approval. When approved the lists were returned to the superintendent of Cherryvale, and at the proper time he would forward to the principal of the community school vouchers for tuition, verified as follows:

"John P. Sheffield, of lawful age, being duly sworn, upon oath says that he is the clerk of school district No. 8 of Montgomery county, Kansas, that the within statement of attendance of high-school students is correct for the months indicated on this report, and the amount of tuition claimed is correct and remains unpaid.

"Subscribed and sworn to before me," etc.

The foregoing should have been the normal course of procedure, but, the superintendent of Cherryvale was not certain it was followed. He could not remember the letter assuring the principal of the community school the tuition matter would be made right, until he was shown the letter. When he was asked about payment of tuition for pupils residing outside the community district, he refused to answer. Only one list of pupils approved by the county superintendent of Labette county was introduced in evidence, and that was for a year previous to organization of the rural district. In other respects the testimony of the superintendent of Cherryvale was unsatisfactory.

Cherryvale sought to excuse its collection of tuition from rural-district pupils from the community district on the ground the county

superintendent of Labette county verified, or assumed to verify, the residences of pupils attending Cherryvale from Labette county.

When county high schools were disestablished and community high schools were created, it was provided that a community-district board of trustees should consist of six members, and the county superintendent should be *ex-officio* chairman of the board, with power to cast the deciding vote in case of a tie. (R. S. 72-2503.) The county superintendent bore no other relation to the community district board.

The tuition statute reads as follows:

"If any pupil, living within the boundary of said community high-school district, shall, with the approval of the county superintendent, attend any other high school, either approved or accredited, outside the boundaries of said community high school, the board of trustees of said community high school shall pay or cause to be paid into the treasury of the said high school which such pupil attends a tuition fee of two dollars per week for the time such pupil is in actual attendance at said high school; . . . *Provided further,* That the tuition above provided for shall be paid on the itemized and verified vouchers of the clerks of such boards, . . . " (R. S. 72-2505.)

In approving attendance of community-district pupils at other high schools, the county superintendent acts as a county officer, and not as chairman of the board of a community district. So far as the evidence disclosed, the county superintendent of Labette county acted in his capacity as county superintendent in approving attendance of community-district pupils at Cherryvale. He had no authority to approve attendance of rural-district pupils at Cherryvale as coming from the community district. If he did so, his action was nugatory. But beyond this, there is room for the inference that lists were sent to him by Cherryvale, not for the purpose of having him verify residence of pupils, but for his statutory approval of attendance at Cherryvale of pupils from districts of his county.

It was admitted at the trial that the community district had been paying tuition to Cherryvale of rural-district pupils. This had been done in reliance upon the sworn vouchers of Cherryvale. The community board had no information on the subject except these vouchers, until the facts were discovered in the summer of 1931. After it was informed of the facts, Cherryvale continued to keep money which it knew did not belong to it, and having no moral ground for refusing to reimburse the community district and pro-

ceeding to collect tuition from its debtor, the rural district, Cherryvale interposed the defense of the statute of limitations.

The parties agree on what constitutes constructive fraud. Intent to deceive is not necessary. All that is necessary is an act or omission in breach of legal or equitable duty, or of trust or confidence justly reposed, which is contrary to good conscience and takes undue and unconscientious advantage of another, or otherwise operates to his injury. (*City of Clay Center v. Myers*, 52 Kan. 363, 35 Pac. 25.) In this instance, the community district was privileged to rely, and did rely, on the incorrect vouchers, rendered under oath, and paid money which it should not have paid to Cherryvale, which in equity and good conscience Cherryvale ought not to keep.

The judgment of the district court is affirmed.