530 P.2d 407

Charles **HARDIN** and Sylvia Hardin, Plaintiffs-Appellants,

v.

Lee L. **FARRIS**, M.D., Defendant-Appellee.

No. 1374.

Court of Appeals of New Mexico.
Dec. 18, 1974.

Melvyn D. Baron, Albuquerque, for plaintiffs-appellants.

Briggs F. Cheney, James R. Toulouse, James R. Toulouse & Associates, P. A., Albuquerque, for defendant-appellee.

## OPINION

HERNANDEZ, Judge.

Plaintiffs appeal the order of the trial court granting defendant's motion for judgment on the pleadings. The trial court, by granting the motion, accepted all of the allegations in the complaint as true. The issue for the trial court was, then, whether plaintiff could recover or be entitled to relief under any state of facts provable under the claim. See Pattison v. Ford, 82 N.M. 605, 485 P.2d 361 (Ct.App. 1971).

Plaintiffs filed their complaint on May 16, 1973, alleging in pertinent part that on June 20, 1969 defendant performed tubal ligation surgery upon the plaintiff, Sylvia Hardin, for the purpose of making her infertile; that on or about June 21, 1969 a surgical pathological report was placed in the hospital file of Sylvia Hardin which showed that the tubal ligation was not complete; and, that the defendant failed to tell plaintiff "after having had knowledge of same." Subsequently, Sylvia Hardin became pregnant, and on July 4, 1972, she gave birth. The complaint went on to al-

lege "that said injury was proximately caused by and through the carelessness, negligence and failure of the defendant to exercise a high degree of specialized professional care and ordinary care such as is customarily exercised by such specialists in Obstetrics and Gynecology."

Defendant, in his answer, made general denials and affirmatively pled the statute of limitations as a bar to plaintiffs' complaint.

Although the trial court's order, granting judgment, does not state what grounds were used in deciding the motion, the following statement made from the bench gives its reasons:

". . . the law is clear that an action for injuries to the person by assault and battery and for negligent medical malpractice must be brought within three years after the accrual of the cause of action. In medical malpractice, this cause of action accrued at the time of wrongful act causing the injury."

The trial court thus appears to have relied upon Section 23–1–8, N.M.S.A.1953 (Vol. 5), which provides in part: ". . . and for an injury to the person or reputation of any person, within three [3] years."

Plaintiffs contend that the running of § 23–1–8, supra, was tolled by defendant's fraudulent concealment of the report which indicated that the operation was negligently performed. Defendant, relying upon Roybal v. White, 72 N.M. 285, 383 P.2d 250 (1963), and Mantz v. Follingstad, 84 N.M. 473, 505 P.2d 68 (Ct.App.1972), argues that "New Mexico law unequivocally provides that accrual [of the cause of action] occurs simultaneously with the wrongful act." He goes on to argue that these cases hold that, since the legislature did not provide for the tolling of the statute, the courts cannot supply what the legislature has omitted. We do not agree that either of these cases so hold.

The plaintiffs in Roybal were asking the court to hold "that a cause of action against a surgeon who negligently fails to remove a foreign body from a surgical wound accrues when the patient discovered or should have discovered such negligent action or omission." In that case, the Supreme Court stated: "Tolling of the period of the statute of limitations by reason of fraudulent concealment of the facts giving rise to the cause of action or mistake, within § 23–1–7, N.M.S.A.1953 (Repl.Vol. 5), was not alleged in the complaint and may not be urged on appeal." Neither was tolling of the statute by reason of fraudulent concealment alleged in Mantz: ". . . plaintiffs claim the trial court ignored theories of fraudulent concealment, estoppel, continuing care and treatment, the discovery rule, and continuing tort. In the pre-trial order, none of these contentions were even mentioned, except fraudulent concealment, but this theory was not connected with medical malpractice or assault and battery." Thus, the precise question presented here has not been ruled upon by the courts of record in this state.

The maxim that no person may obtain advantage by his own wrong, has been applied in many diverse classes of cases. See Miller v. Phoenix Assur. Co., Limited of London, 52 N.M. 68, 191 P.2d 993 (1948) [insurance]; Reinhart v. Rauscher Pierce Securities Corp., 83 N.M. 194, 490 P.2d 240 (Ct.App.1971) [stock brokers]; Ramey v. General Petroleum Corporation, 173 Cal. App.2d 386, 343 P.2d 787 (2d Dist., Ct. App.1959) [personal injury]; Citizens National Bank of Havre De Grace v. Leffler, 228 Md. 262, 179 A.2d 686 (1962) [conveyance]; Mills v. Mills, 147 Cal.App.2d 107, 305 P.2d 61 (2d Dist., Ct.App.1956) [vendor & purchaser]; Public Service Co. of New Mexico v. General Electric Co., 315 F.2d 306 (10th Cir. 1963), cert. denied, 374 U.S. 809, 83 S.Ct. 1695, 10 L.Ed.2d 1033 (1963) [anti-trust]; Southwestern Investment Co. v. Cactus Motor Co., 355 F.2d 674 (10th Cir. 1966) [money received].

It is all the more compelling that this maxim be applied in cases involving a confidential relationship such as this. The Supreme Court of New Hampshire in

Lakeman v. La France, 102 N.H. 300, 156 A.2d 123 (1959), had this to say:

> "We refuse to presume that the Legislature intended to give a wrongdoer the advantage and benefit of his fraudulent concealment of a cause of action until the statute of limitations has run. We hold that the two year limitation upon actions for malpractice is tolled by fraudulent concealment of facts essential to the cause of action until such time as the injured person has discovered them or could have done so in the exercise of reasonable diligence at which time the statutory period of limitation will start to run."

We therefore conclude that where a party against whom a cause of action accrues prevents the one entitled to bring the cause from obtaining knowledge thereof by fraudulent concealment, Lakeman v. La France, supra, or where the cause is known to the injuring party, but is of such character as to conceal itself from the injured party, Monroe v. Harper, —— Mont. ——, 518 P.2d 788 (1974), the statutory limitation on the time for bringing the action will not begin to run until the right of action is discovered, or, by the exercise of ordinary diligence, could have been discovered.

As can be seen from the cited cases, fraudulent concealment is not restricted to actions in which fraud is the gist of the action. See Annot. 80 A.L.R.2d 368 (1961). Neither does it create a new or separate cause of action. It merely tolls the running of a statute of limitations. Hinkle v. Hargens, 76 S.D. 520, 81 N.W.2d 888 (1957). Normally some positive act of concealment must be shown such as a false representation. However, in a confidential relationship where there exists a duty to speak, such as in a doctor-patient relationship, mere silence constitutes fraudulent concealment. Guy v. Schuldt, 236 Ind. 101, 138 N.E.2d 891 (1956).

Finally, defendant argues that, in any event, plaintiffs cannot rely on fraudulent concealment because they failed to plead fraud as required by Section 21-1-1(9)(b), N.M.S.A.1953 (Repl.Vol. 4), which provides:

> "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

Defendant's argument is without merit. The date of the report, its contents, and where it could be found were all given. These facts, coupled with the specific charge, "that the defendant failed to tell the plaintiff that said tubal ligation was incomplete after having had knowledge of same . . .", adequately provide the degree of specificity required for compliance with this section.

The judgment is reversed and the cause is remanded to the trial court with instructions to reinstate it upon its trial calendar and to otherwise proceed in a manner not inconsistent herewith.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.