549 P.2d 632

Albert GASTON and Barbara Gaston, his wife, Plaintiffs-Appellants,

v.

Carl HARTZELL and Mrs. Carl Hartzell, his wife, and Vernon Realty Corp., and Realty World, Inc., Defendants-Appellees.

No. 2169.

Court of Appeals of New Mexico.
April 20, 1976.

218

J. Stephen Gammill, Gammill & Bowerman, Albuquerque, for plaintiffs-appellants.

Jacob Carian, Albuquerque, for Hartzell and Vernon Realty Corp.

Peter H. Johnstone, Keleher & McLeod, Albuquerque, for Realty World, Inc.

## OPINION

SUTIN, Judge.

Plaintiffs sought to recover damages from defendants for misrepresentation of the amount of square footage in a residence owned by the Hartzells and sold to plaintiffs. Plaintiffs' complaint was dismissed with prejudice because the claim was barred by the statute of limitations. Plaintiffs appeal. We reverse.

### A. *Facts and Issue*

The record consists of the pleadings and the depositions of plaintiffs. It shows that in October, 1970, plaintiffs purchased a residence from the Hartzells through their real estate agents. An agent erroneously represented that the residence had a measurement of 1965 square feet whereas the measurement was in fact about 1800 square feet, a difference of approximately 165 square feet. Plaintiffs discovered this misrepresentation in January, 1974, when they received an F.H.A. appraisal in preparation for a sale of the property.

The issue is: Did plaintiffs' cause of action accrue in October, 1970, the date of the purchase of the residence, or in January, 1974, the date of discovery of the false representation?

We hold that the cause of action accrued on the date of discovery of the false representation.

Section 23–1–7, N.M.S.A.1953 (Vol. 5) provides:

In actions for relief, on the ground of fraud . . . the cause of action shall not be deemed to have accrued until the fraud . . . complained of, shall have been discovered by the party aggrieved.

B. *A false representation tolls the limitation statute.*

What is a "false representation"? The record shows that the misrepresentation made to plaintiffs did not involve evil intent or turpitude. In this sense, the word "false" is defined as being "erroneous", "incorrect" or "untrue". 35 C.J.S. False at pp. 615, 616 (1960).

Hardin v. Farris, 87 N.M. 143, 530 P.2d 407 (Ct.App.1974) was a medical malpractice case in which a surgeon fraudulently concealed a hospital report. Judge Hernandez said:

. . . [F]raudulent concealment is not restricted to actions in which fraud is the gist of the action. [Citation omitted]. Neither does it create a new or separate cause of action. *It merely tolls the running of a statute of limitations.* [Citation omitted]. *Normally some positive act of concealment must be shown such as a false representation.* . . . [Emphasis added] [87 N.M. at 146, 530 P.2d at 410].

See, Lotspeich v. Dean, 53 N.M. 488, 211 P.2d 979 (1949). Compare, *Roybal v. White,* 72 N.M. 285, 383 P.2d 250 (1963).

The false representation made by defendants was an erroneous statement which constituted fraudulent concealment. In the instant case, it also constituted "constructive fraud". *Barber's Super Markets, Inc. v. Stryker,* 84 N.M. 181, 500 P.2d 1304 (Ct. App.1972). Here, we also said:

Generally speaking, constructive fraud is a breach of a legal or equitable duty which the law declares fraudulent *because of its tendency to deceive others.* Such fraud may be present on the part of the fraud feasor *without any showing of dishonesty of purpose or intent to deceive.* . . . [Emphasis added] [84 N.M. at 186, 500 P.2d at 1309].

■ A statute prescribing a period of limitation for an action based on fraud applies to cases of "constructive fraud". *Joint School Dist. No. 8 v. Labette County Community High School,* 140 Kan. 63, 33 P.2d 948 (1934); *Falls Sand and Gravel Co. v. Western Concrete, Inc.,* 270 F.Supp. 495, (D.C.Mont.1967); *Ballard v. Drake's Estate,* 103 Ind.App. 143, 5 N.E.2d 671 (1937).

■ We conclude that a false representation constitutes fraudulent concealment and "constructive fraud", each of which tolls the statute of limitations. The date of discovery of the false representation was the time from which plaintiffs' cause of action accrued.

Defendants contend that under *Hardin,* supra, the statute was not tolled because plaintiffs did not exercise ordinary diligence to discover the true square footage of the property. In *Hardin,* we said:

. . . [T]he statutory limitation on the time for bringing the action will not begin to run until the right of action is discovered, or, by the exercise of ordinary diligence, could have been discovered. [87 N.M. at 146, 530 P.2d at 410].

■ *Hardin* involved fraudulent concealment. When the words "false representation" are interpreted in the "constructive fraud" sense, the basis for discovery is described differently. Irrespective of the good faith with which a false representation is made, *if it is justifiably relied on by the purchaser,* he has no duty to make inquiries or examination of the misrepresentation, unless he had knowledge of his own or of facts which should arouse suspicion and cast doubt upon the truth of the statement made. *Jones v. Friedman,* 57 N.M. 361, 258 P.2d 1131 (1953).

Nothing in the record shows that plaintiffs had any reason to raise an issue as to the square footage of the residence until they attempted to sell the property.

Under the doctrines of *Hardin* and *Jones,* plaintiffs, as a matter of law, had a right to rely on the misrepresentation. We follow the equitable maxim stated in *Hardin,* supra, " . . . that no person may obtain advantage by his own wrong, . .." [87 N.M. at 145, 530 P.2d at 409].

It would be inequitable to permit a defendant to profit by his own fraud.

■ On the plaintiffs' side, we say that a person does not slumber on his legal rights when he is wholly unaware of the nature of his legal rights or the cause which gave rise to them. To hold that the limitation period begins to run the date of the false representation takes away the remedy of the injured party before he can know that an injury has been done to him.

C. *Public policy speaks in favor of tolling the statute of limitations.*

The judicial controversy over the application of the statute of limitations should be put to rest. Niggling over the meaning of words in the statute leads to harsh statements in judicial decisions. See, *Hall v. Musgrave,* 517 F.2d 1163 (6th Cir. 1975); *Berry v. Branner,* 245 Or. 307, 421 P.2d 996 (1966).

Public policy was well stated in *Thomas v. Richter,* 88 Wash. 451, 153 P. 333 (1915).

These statutes [of limitation] announce a public policy. It is believed that it is better for the public that some rights be lost than that stale litigation be permitted. It follows therefore that, when the limitation of the liability fixed by the statute is doubtful or debatable, it should be so construed as not to contravene that policy. [153 P. at 336].

Stale litigation involves a plaintiff who is himself at fault—a Rip Van Winkle who takes a drink, and sleeps on his rights for twenty years. Stale litigation, however, does not arise when a defendant is at fault. "Where choice must be made between the defendants' problems of lost evidence, faded memories, and missing witnesses, on the one hand, and a deprivation to the plaintiff of any and all remedy for the wrong done her, on the other, the law must be construed in favor of the blamelessly ignorant plaintiff and against the interests and convenience of the wrongdoer." *Layton v. Allen,* 246 A.2d 794, 799 (Del.1968).

"To say to one who has been wronged, 'You had a remedy, but before the wrong was ascertainable to you, the law stripped you of your remedy,' makes a mockery of the law." *Berry v. Branner,* supra [421 P.2d at 998]; *Rosane v. Senger,* 112 Colo. 363, 149 P.2d 372 (1944).

"We do not believe that the danger of spurious claims is so great as to necessitate the infliction of injustice on persons having legitimate claims which were undiscoverable by the exercise of ordinary care prior to the lapse of two years from the time of the act inflicting the injury." *Frohs v. Greene,* 253 Or. 1, 452 P.2d 564, 565 (1969).

■■ We have long held that the law favors the right of action rather than the right of limitation. In re *Goldsworthy's Estate,* 45 N.M. 406, 115 P.2d 627 (1941). One reason is that limitation is procedural, not substantive in nature. *Slade v. Slade,* 81 N.M. 462, 468 P.2d 627 (1970). It merely bars the remedy by which one party seeks to enforce his substantive rights. Fault of defendant and injustice to plaintiff are other reasons to favor action. These reasons should be the guidelines of public policy.

The judgment is reversed and the cause remanded to the trial court with instructions to reinstate it upon its docket.

IT IS SO ORDERED.

HERNANDEZ, J. (concurs in result only).

LOPEZ, J., concurs.