(No. 1993, December 17 ,1917.)

# NORTHCUTT v. KING et al.

### SYLLABUS BY THE COURT.

1.  The irregularity which justifies the setting aside of a judgment within one year from its rendition, under provisions of section 4230, Code 1915, is defined to be the want of adherence to some prescribed rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner. It is a departure from some prescribed rule or regulation.

P. 516

2.  In an action upon a foreign judgment, where the answer pleads the bar of the statute of limitations (section 3347, Code 1915), and the reply sets up nonresidence as a defense to the bar of the statute (section 3352, Code 1915), a judgment entered upon the theory that defendants had agreed to file an affidavit as to residence, and had failed to do so, was irregular, in that there is no statute and no order of court requiring such affidavit; for which reasons the entry of the judgment was contrary to the course of law and practice of the courts.

P. 519

Appeal from District Court, Otero County; Medler, Judge.

Action by Carlton Northcutt against W. H. King and Delbert King, copartners under the firm of King & Son. Judgment for defendants dismissing the cause, and plaintiff appeals. Affirmed.

J. G. Northcutt, of Trinidad, Colo., and Dean Sherry, of Alamogordo, for appellant. L. R. York, of Alamogordo, for appellees.

### STATEMENT OF FACTS.

On May 12, 1913, the appellant instituted a suit in the district court of Otero county, N. M., on judgment ob-

tained in the state of Colorado on March 21, 1905. The
defendants in the district court answered the complaint
setting up that the cause of action was barred by the stat-
ute of limitations, more than seven years from the date
of the rendering of said judgment on which the cause of
action was based, having elapsed before this suit was in-
stituted. The plaintiff replied to said answer setting up
that the action was not barred by the statute of limitations,
for the reason that neither of the defendants had resided
in the state of New Mexico for seven years prior to the
commencement of the action. The matter was referred to
a referee to take testimony. After about 18 months had
elapsed, the trial court entered a judgment for the plain-
tiff, assigning as a ground therefor that the defendants
had failed and neglected to submit an affidavit or proof
of residence. A few days after the entry of this judgment
the defendants filed a motion to set aside the judgment on
the ground that the attorney for the defendants had been
negligent, and on the further ground that the affidavit of
residence was immaterial to the issue involved in the case.
This motion was subsequently sustained and the judg-
ment set aside. The defendants then moved the court for
judgment on the pleadings, which motion was sustained
and an order made dismissing the cause at plaintiff's cost.
From this judgment the plaintiff appealed.

### OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above).—
[1] The appellant is attacking the authority of the trial
court to set aside and vacate its judgment, and directs our
attention to the case of Fullen v. Fullen, recently decided
by this court, and reported in 21 N. M. 212, 153 Pac. 294,
in which case this court, through Mr. Justice Parker an-
nounced the rule that final judgments of the district
courts in cases tried without a jury became final when ren-
dered, and then and there pass from the further control of
the court, except in two instances, viz. in cases of defaults
for a period of 60 days (section 4227, Code 1915), and in
cases of irregularly entered judgments for a period of one
year (section 4230, Code 1915) ; and except for such pur-

poses as all courts always retain control over their judgments.  Appellant contends that, this being the state of law in this jurisdiction, the court might very properly hold that the judgment originally entered by the trial court was a judgment by default, even though the defendants appeared in the case and answered, and should this court so hold, then, it is contended, the district court was without authority to set aside the judgment, for the reason that the motion therefor only advanced as a reason the negligence of defendants' counsel.  The motion to set aside the judgment did raise the question as to the materiality of the affidavit called for from the defendants, in the matter of their residence in New Mexico, but appellant argues that the materiality of the affidavit in question goes to the merits of the case, which should not have been passed upon by the district court in considering the motion to set aside and vacate the judgment. These questions, however, we deem it unnecessary to consider, for the reason that if the trial court was justified in setting aside the judgment in question on the ground of irregularity in its entry, we are not concerned with the question of whether or not the original judgment was a default judgment.  In this respect appellant contends that the motion to set aside the judgment does not assert that any irregularity existed in its entry, and that the only matter in the motion that could possibly be construed as an allegation of irregularity is the allegation as to the materiality of the affidavit mentioned above.  In this contention appellant is not entirely correct.

By the first ground of the motion it is asserted that the answer sets up that the action was commenced more than seven years after the rendition of the judgment on which it was predicated, and that the defendants duly pleaded the statutes of limitations, for which reason the said cause should have been dismissed, concluding this paragraph with the statement that, by reason of the facts referred to, the affidavit referred to was entirely immaterial.  It is also pointed out that the reply admits that the cause was commenced seven years after the rendition of the judgment on which it is based.  By the third paragraph of

the motion it is further set out that the defendants never received any notice that the cause was set for trial after their answer had been filed, and they did not know that the judgment had been rendered against them until they were advised of that fact by the attorney for plaintiff.

Appellant further urges that the defendants by their failure to file the affidavit are now estopped from questioning the materiality thereof. It is also urged by appellant that the original judgment shows on its face that the defendants appeared by counsel at the time the case was called for disposition in the district court, who made no objection to the rendition of the judgment, or to the materiality of the affidavit, and that the question of the materiality, being purely a question of law, was improperly raised in the motion to vacate and set aside the judgment. Appellant in this connection relies upon the definition of this court as to an irregularity in judgments justifying the court in setting them aside. Mr. Justice Roberts, in the case of Coulter v. Board of County Commissioners of Bernalillo County, 22 N. M. 24, 158 Pac. 1086, defines the term "irregularity" as follows:

"The term 'irregularity' is defined to be the want of adherence to some prescribed rule or, mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner. It is a departure from some prescribed rule or regulation."

Black on Judgments, § 170, says:

"The irregular judgment is one which is rendered contrary to the course of law and practice of the courts."

In view of these definitions of an irregular judgment, it remains to be determined whether or not the judgment vacated by the court in this case fell within these definitions. Appellees' answer to the original complaint setting up the seven years' statute of limitations presents a complete defense to appellant's complaint under section 3347, Code 1915. This being a foreign judgment, the question as to whether appellant, for seven years preceding the fil-

ing of the complaint, had been absent from or living within the state was wholly immaterial, as section 3352, which exempts the application of the statute of limitations because of absence from the state, applied only to judgments rendered within the state. Appellant by his reply set up the fact that for the past seven years, appellees had resided without the state of New Mexico. This pleading was filed evidently upon a misinterpretation of the meaning of the statute. But, even if it be assumed that it presented a valid defense to the bar of the statute, still the case was at issue as to this matter, and had been referred to a referee to take the proofs and report findings. Upon the theory that counsel for appellees had agreed to file an affidavit as to the residence of appellees during the disputed period, the original judgment was entered because of his failure to do so. No statute requires the filing of any such affidavit, and there was no order of court made, or at least none appears in the record, requiring the filing thereof. But the court found that it was agreed that the same should be filed, and, because it had not been so filed, appellees were defaulted and judgment was rendered. Clearly the judgment was rendered contrary to the course of law and the practice of the courts. Counsel for appelees may have concluded properly that such an affidavit was not necessary, and may have elected to proceed with the taking of proof before the referee and there present such matters in that regard as he deemed essential. He, like counsel for appellant, was evidently proceeding upon the false assumption that the question as to whether appellees had resided within or without the state for the past seven years was material.

[2] Or, even if their construction of the statute had been correct, it was irregular for the court to enter a judgment in default of the doing of some act not required to be done by order of court or the statute regulating procedure. We therefore conclude that in an action upon a foreign judgment, where the answer pleads the bar of the statute of limitations (section 3347, Code 1915), and the reply sets up non-residence as a defense to the bar of

the statute (section 3352, Code 1915), a judgment entered upon the theory that defendants had agreed to file an affidavit as to residence and had failed to do so is irregular, in that there is no statute and no order of court requiring such affidavit; for which reasons the entry of the judgment was contrary to the course of law and practice of the court.

The court therefore properly vacated the judgment and, as a second judgment was properly rendered upon the pleadings, it will be affirmed; and it is so ordered.

ROBERTS, J., concurs.    PARKER, J., being absent, did not participate.

### SYLLABUS BY THE COURT.