71 N.J. Super. 398 (1962)
177 A.2d 58
HANS J. FRIEDRICHSEN, PLAINTIFF,
v.
GENEVIEVE NIEMOTKA AND WILHELMINA FRIEDRICHSEN, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 5, 1962.
*399 Mr. Stanley W. Greenfield for the plaintiff.
Mr. Edward M. Gurry for the defendant Genevieve Niemotka (Messrs. Gurry and Conlon, attorneys).
Mr. Charles V. Webb, Jr., for the defendant Wilhelmina Friedrichsen (Messrs. Gaffey and Webb, attorneys).
*400 FULOP, J.C.C.
Plaintiff is the father of an infant who was allegedly seriously injured in an automobile accident when 14 months old. The father sues defendants for medical and hospital expenses incurred and to be incurred, and for loss of services and earnings of his son. The infant is not a party and both sides agree that no suit has been instituted on his behalf.
One of the defendants, Wilhelmina Friedrichsen, moves the court as follows:
1. To stay the present action until suit is instituted on behalf of the son, alleging that the present action is derivative from the son's cause of action for personal injuries;
2. For an order granting defendant leave to have a physical examination of the son by Dr. Flicker, a neurologist.
Both motions are resisted by plaintiff. The first is opposed on the premise that the claim asserted in the present action is not derivative. The second motion is opposed on the ground that the son is not a party to the action and therefore may not be examined under R.R. 4:25-1.
It is now established in this State that the parent's claim for damages per quod servitium amisit, although it arises out of the injury to the child, nevertheless constitutes an independent cause of action which may be separately maintained. In Higgins v. Schneider, 61 N.J. Super. 36 (App. Div. 1960), affirmed o.b. 33 N.J. 299 (1960), it was held that the parent's cause of action may be barred by the statute of limitations at an earlier date than the child's. In Maccia v. Tynes, 39 N.J. Super. 1 (App. Div. 1956), it was held that the contributory negligence of the parent bars his recovery but does not bar recovery by the child. In Blackman v. Iles, 4 N.J. 82 (1950), it was held that a parent may recover for loss of services of a minor child resulting from her seduction even though the child herself was precluded from recovering by statute (now N.J.S. 2A:23-1 et seq.). See Vanderbilt, C.J., *401 dissenting opinion in Danck v. Hommer, 9 N.J. 56 (1952). Blanken v. Braslow, 130 N.J.L. 475 (Sup. Ct. 1943), held that a husband's claim for loss of consortium, although included in the same action as the wife's claim for personal injuries, was a separate cause of action, and the two could not be added together to make up the minimum required for removal to the United States District Court.
It follows that the ground presented for the motion to suspend the plaintiff's action until his infant son shall institute an action for personal injuries is erroneous in law. The present action is not dependent and may be independently maintained. In addition, since the infant's claim is not barred by the statute of limitations until two years after he attains the age of 21, granting defendant's motion might postpone plaintiff's recovery for 20 years although he is required to bring the action within two years after the injury. In the alternative, it might force bringing an action on behalf of the child before the statutory law requires and before the child's best interests may dictate. See dissenting opinion of Judge Freund in the Appellate Division in Higgins v. Schneider, supra.
The first motion is denied.
The second motion is for discovery. The plaintiff's cause of action depends upon the nature and extent of his child's injuries. He may recover only for the reasonable cost of such care and treatment as were necessitated by the injuries and only for such loss of services as resulted from the injuries. Plaintiff must prove these facts and defendant has the right to prepare to meet that proof.
Plaintiff contends that there is no authority in the rules for ordering an examination of the child since R.R. 4:25-1 permits such an examination of a party only. R.R. 4:24-1 permits inspection of property and tangible things and clearly was not intended to include medical examination of any person.
The policy of the practice in this State strongly favors full discovery. The rules of court establishing that *402 policy did not foresee and do not provide for the specific situation here presented.
R.R. 4:121 provides:
"If no procedure is specifically prescribed, the court shall proceed in any lawful manner not inconsistent with the constitution, these rules or any applicable statutes."
Plaintiff contends that the child has independent rights which cannot be invaded by a physical examination. Obviously if the child were a party, this contention could not prevail. But the child does not have the full rights of a person. His services belong to his parents. The father has the duty to provide him with medical care and the right to compel him to submit to examination as well as treatment. The very property right to reimbursement for the cost of medical care which would belong to the child if he were an adult belongs to the parent who here asserts it. It is not the child's right to refuse examination or to grant it, but the parent's. Since, by the very nature of childhood, the child cannot excercise or protect his rights, the law places them in the parent on his behalf.
The plaintiff's position is based upon verbal logic. In effect he contends that if the father's cause of action is not derivative for the purposes of the statute of limitations and for the purpose of requiring it to be included in a single suit with the claim for pain, suffering and disability of the injured child, it must follow that it is not derivative in the sense last above outlined. Verbal logic is not controlling. Each of the holdings is based upon separate policies of the law and is by no means necessarily transferrable to a situation involving other policies of the law. It may not be inappropriate to repeat here the oft quoted passage in Holmes, The Common Law, p. 1.
"It is something to show that the consistency of a system requires a particular result, but it is not all. The life of the law has not been logic: it has been experience. The felt necessities of the time, the prevalent moral and political theories, intuitions of public *403 policy, avowed or unconscious, even the prejudices which judges share with their fellow-men, have had a good deal more to do than the syllogism in determining the rules by which men should be governed."
Justice consistent with the spirit of our rules requires that the plaintiff submit his infant son to the requested examination. An order will therefore be made staying the plaintiff's action until and unless he permits such examination.