468 P.2d 627

**Elizabeth B. SLADE, Plaintiff-Appellee,**

v.

**Donald C. SLADE, Defendant-Appellant.**
**No. 8934.**

Supreme Court of New Mexico.
April 27, 1970.

Sosa, Garza & Neumeyer, Las Cruces, for appellant.

Privette & Privette, Las Cruces, for appellee.

## OPINION

SISK, Justice.

Plaintiff, Elizabeth Slade, filed this action on August 8, 1968, against defendant, Donald Slade, based upon a Kansas judgment for child support. The district court sitting without a jury entered judgment in plaintiff's favor for $8,087.00, plus $4,329.01 interest. Defendant appeals.

The Kansas court entered a decree of divorce on May 11, 1951, in favor of plaintiff and against defendant, and ordered defendant to pay to plaintiff $60.00 per month for the support of a minor son, until the minor became 21. The Kansas court had in personam jurisdiction over defendant although he was a resident of Missouri at the time the decree was entered. Defendant subsequently moved to Maryland, and some payments were made by defendant to plaintiff until he moved to New Mexico in April, 1961, after which no payments were made. On October 5, 1961, the son of plaintiff and defendant attained the age of 21 years.

Defendant asserts three points on appeal: 1) that our seven-year statute of limitation (§ 23–1–2, N.M.S.A.1953 [1969 Supp.]) bars recovery of any payments due under the Kansas judgment prior to August 8, 1961; 2) that said statute of limitations was not tolled by the statute pertaining to concealment or absence from the jurisdiction (§ 23–1–9, N.M.S.A.1953), or by the son's disability during his minority (§ 23–1–10, N.M.S.A.1953); and 3) that interest should not have been awarded.

[1–4] Statutes of limitation are considered procedural and not substantive in nature and are governed by the law of the forum. Therefore, only the New Mexico statutes of limitation are applicable in this case. Haury v. Allstate Ins. Co., 384 F.2d 32 (10th Cir. 1967); Leonard v. Kleitz, 155 Kan. 626, 127 P.2d 421 (1942); Heisel v. York, 46 N.M. 210, 125 P.2d 717 (1942). See also Annot., 36 A.L.R.2d 567, 578. Although the law favors the right of action rather than the right of limitation, In re Goldsworthy's Estate, 45 N.M. 406, 115 P. 2d 627 (1941), exceptions to statutes of limitation must be construed strictly, Field v. Turner, 56 N.M. 31, 239 P.2d 723 (1952); Musgrave v. McManus, 24 N.M. 227, 173 P. 196 (1918).

The Kansas judgment for periodic payments was a judgment in installments. Each payment becomes vested when due and unpaid, and the statute of limitations begins to run on that installment at the moment it vests. Fangrow v. Fangrow, 185 Kan. 227, 341 P.2d 998 (1959); Peters v. Weber, 175 Kan. 838, 267 P.2d 481 (1954); Leonard v. Kleitz, supra. Compare: In re Coe's Estate, 56 N.M. 578, 247 P.2d 162 (1952).

The applicable New Mexico statute is § 23-1-2, N.M.S.A.1953 (Supp.1969), which reads:

"Actions founded upon any judgment of any court of the state may be brought within seven [7] years from and after the rendition or revival of the judgment, and not afterward, and actions founded upon any judgment of any court of record of any other state or territory of the United States, or of the federal courts, may be brought within seven [7] years from and after the rendition of the judgment, and not afterward."

This action was commenced on August 8, 1968, and, absent a tolling of the statute of limitations, all unpaid installments due under the Kansas judgment which accrued and became part of that judgment prior to August 8, 1961, are barred.

The trial court determined that § 23-1-9, N.M.S.A.1953, tolled the running of § 23-1-2, supra. Section 23-1-9, supra, provides:

"If, at any time after the incurring of an indebtedness or liability or the accrual of a cause of action against him or the entry of judgment against him in this state, a debtor shall have been or shall be absent from or out of the state or concealed within the state, the time during which he may have been or may be out of or absent from the state or may have concealed or may conceal himself within the state shall not be included in computing any of the periods of limitation above provided."

Plaintiff argues extensively that our decision in In re Goldsworthy's Estate, supra, is determinative of this case. We do not agree. In Goldsworthy, causes of action in favor of the claimant had accrued against Mrs. Goldsworthy in Missouri between 1917 and 1930, and a claim based on such causes of action was filed against Mrs. Goldsworthy's estate in New Mexico in 1939. Mrs. Goldsworthy had never resided in New Mexico until three months prior to her death. This court held, under the then effective statute, the language of which was identical with § 23-1-9, supra, that the there applicable four-year statute of limitations would not commence to run until the debtor first came into New Mexico, though the cause of action had long since been barred in the state where it accrued. The decision was based upon the holding that the qualifying phrase "in this state" after the phrase "entry of judgment against him," did not also refer back to the prior phrase "accrual of a cause of action." The crucial distinction between our case and Goldsworthy is that in Goldsworthy the New Mexico claim was based on a cause of action which had never been sued upon and reduced to judgment. In our case, the New Mexico action was based on a Kansas judgment and is controlled by § 23-1-2, supra, which clearly provides that actions founded on any judgment of any court of any other state must be brought within seven years after the rendition of that judgment. On the facts of our case, the decisive authority is not Goldsworthy but Northcutt v. King, 23 N.M. 515, 169 P. 473 (1917). There the plaintiff sued in 1913 on a Colorado judgment obtained in 1905. The seven-year statute of limitations was raised as a defense, and the plaintiff alleged that the action was not barred because the defendants had not resided in New Mexico for seven years prior to the New Mexico action and that, as alleged in the present case, the tolling statute relating to absence from the state was applicable and the seven-year statute had not run. We said in Northcutt:

"By the first ground of the motion it is asserted that the answer sets up that the action was commenced more than seven years after the rendition of the

judgment on which it was predicated, and that the defendants duly pleaded the statutes of limitations, for which reason the said cause should have been dismissed * * *.

\* \* \* \* \* \*

"Appellees' answer to the original complaint setting up the seven years' statute of limitations presents a complete defense to appellant's complaint under section 3347, Code 1915 [now § 23–1–2]. This being a foreign judgment, the question as to whether appellant, for seven years preceding the filing of the complaint, had been absent from or living within the state was wholly immaterial, as section 3352 [now § 23–1–9], which exempts the application of the statute of limitations because of absence from the state, applied only to judgments rendered within the state. Appellant by his reply set up the fact that for the past seven years appellees had resided without the state of New Mexico. This pleading was filed evidently upon a misinterpretation of the meaning of the statute. * * *"

■ The holding in Northcutt that when an action in New Mexico is based on a foreign judgment it is immaterial whether the defendant had been absent from or living within the state during the preceding seven-year period has not been altered by statute or case law. Heisel v. York, supra, also relied on by plaintiff, is distinguishable on its facts. There the defendant executed a note in New Mexico in 1918, moved to Texas in 1923, and returned to New Mexico in 1940. The statute was held to have been tolled during the years defendant was in Texas, but, as in Goldsworthy, the action was on a cause of action on which suit had never been filed and was not based on a foreign judgment as in Northcutt and as in the present case. If, as stated in Northcutt, it is immaterial whether the defendant was in or out of New Mexico prior to the filing of the New Mexico action, because the exemption pertaining to absence from the state does not apply to foreign judgments, logic and rules of construction

would require a holding that the other exemption, pertaining to concealment within the state, would also not apply to foreign judgments.

■ Even if a distinction were drawn between the two exceptions, the trial court made no finding of concealment by defendant in New Mexico and the evidence would not support any such finding.

Plaintiff was aware of defendant's location in Maryland, from which some payments were made. Defendant's Maryland employer transferred him to New Mexico and he has worked continuously in the same employment, and the fact that he made no payments after his transfer to New Mexico is not sufficient by itself to establish concealment.

■ At the time this action was filed against defendant, he had resided in New Mexico more than seven years. Under New Mexico law, he is liable for all sums that became due as part of the Kansas judgment within seven years prior to the filing of this action on August 8, 1968. The trial court erred in concluding that § 23–1–9 tolled the running of the seven-year statute of limitations on foreign judgments.

The trial court also concluded that the seven-year statute was tolled by § 23–1–10, which provides:

"The times limited for the bringing of actions by the preceding provisions of this chapter shall, in favor of minors and persons insane or under any legal disability, be extended so that they shall have one [1] year from and after the termination of such disability within which to commence said actions."

■ Plaintiff argues that no amounts accrued under the Kansas judgment were barred because her son did not reach his 22nd birthday until about two months after she filed her action here. In support of this contention she now claims her action was "in favor of" her son, and the trial court so concluded. The Kansas judgment, however named her as sole judgment-creditor, and there is no finding to sup-

port a conclusion to the contrary. Statutes of limitation begin to run against everyone, including minors, when the cause of action accrues, and tolling statutes only extend the time for completing the bar of the statute so that the minor shall have an opportunity to act for himself after the disability caused by his minority has been removed. Field v. Turner, supra; Nixon v. Norton-Wheeler Stave Co., 207 Ark. 838, 183 S.W.2d 300 (1944); Wilson v. Beeler, 151 Kan. 699, 100 P.2d 645 (1940); see also, Levine v. Seley, 217 Ga. 384, 123 S.E.2d 1 (1961); 54 C.J.S. Limitations of Actions § 217.

Plaintiff's son was not a minor when plaintiff filed this action. His disability no longer existed and, had he desired to do so at any time before he reached the age of 22 on October 5, 1968, he could have sued in his own name on his own behalf on any cause of action he might have claimed. The action filed by plaintiff was not in favor of a minor but was her own cause of action seeking a money judgment in her name alone based upon a foreign judgment in her favor.

Disability which saves a person from the operation of the statute of limitations is a personal privilege of the person under the disability only, and cannot confer rights on persons asserting independent actions. See: Levine v. Seley, supra; Field v. Turner, supra; 54 C.J.S. Limitations of Actions § 217; compare: Anderson v. Mace, 99 Mont. 421, 45 P.2d 771 (1935); Friedrichsen v. Niemotka, 71 N.J.Super. 398, 177 A.2d 58 (1962).

The trial court erred in concluding that in her independent action on a money judgment, plaintiff was entitled to the disability which the statute grants to the minor personally for a period of one year after his disability is removed.

Defendant contends that the trial court erred in including in the amount of the judgment interest on the Kansas judgment. We disagree. The right to interest is substantive in nature and is there-fore determined by the laws of Kansas. Gregory v. Gregory, 52 Ill.App.2d 262, 202 N.E.2d 139 (1964); In re Kern's Estate, 174 Or. 87, 147 P.2d 498 (1944); Scott v. Scott, 19 Utah 2d 267, 430 P.2d 580 (1967). Section 16–204, Kansas Stat.Annot. (1964 Comp.) provides that judgments "shall" bear interest at the rate of 6% per annum. A judgment for past due child support installments has been held to be within the scope of the statute cited. Davis v. Davis, 148 Kan. 211, 81 P.2d 55 (1938). Although the plaintiff's complaint does not affirmatively claim or pray for interest, two of plaintiff's requested conclusions of law specifically assert that she is entitled to interest on the amounts due under the Kansas judgment. The trial court may grant relief which is within the issues raised by the pleadings or within the theory on which the case was tried. Federal National Mortgage Ass'n v. Rose Realty, Inc., 79 N.M. 281, 442 P.2d 593 (1968); In re Field's Estate, 40 N.M. 423, 60 P.2d 945 (1936). The issue raised by the pleadings was the amount to which plaintiff was entitled under the Kansas judgment. The theory on which the case was tried was the legal right of plaintiff to recover a money judgment based on her Kansas judgment. Plaintiff was entitled to interest on the Kansas judgment as a matter of law, to the same extent that she was entitled to the monthly payments awarded by that judgment. The amount of interest to which she is entitled is limited by § 23–1–2, supra. Keeter v. Bd. of County Comm'rs, 67 N.M. 201, 354 P.2d 135 (1960).

Plaintiff is entitled to recover in this action all sums accruing and unpaid under the Kansas judgment from August 8, 1961, which is seven years prior to her filing suit in New Mexico on such judgment, to October 5, 1967, the date her son reached the age of 21 years, plus interest on such sums from the dates of accrual at the rate of 6% per annum.

The judgment is reversed and remanded with instructions to make such further findings as may be necessary to recompute the

amount of the judgment in accordance with the directions stated herein.

It is so ordered.

COMPTON, C. J., and WATSON, J., concur.