617 F.2d 567
 The HARTFORD, a Connecticut Corporation and U. V.
Industries, Inc., a Maine Corporation, Plaintiffs,
v.
GIBBONS & REED CO., a Utah Corporation, Defendant-Counterclaimant.
Don LEE, Defendant-Counterclaimant Appellant-Cross-Appellee,
v.
The HARTFORD, a Connecticut Corporation, and U. V.
Industries, Inc., a Maine Corporation,
Counter-Defendants Appellees-Cross-Appellants.
 Nos. 78-1857, 78-1884.
 United States Court of Appeals,
Tenth Circuit.
 Argued Jan. 23, 1980.
Decided March 19, 1980.
 
 Kathleen Davison Lebeck (Richard C. Civerolo, Albuquerque, N. M., with her on brief), of Civerolo, Hansen & Wolf, Albuquerque, N. M., for The Hartford and U.V. Industries, Inc.
 Leland S. Sedberry (Douglas A. Baker, Albuquerque, N. M., with him on brief), of Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, N. M., for Don Lee.
 Before BARRETT, DOYLE and LOGAN, Circuit Judges.
 BARRETT, Circuit Judge.
 
 
 1
 This appeal and cross-appeal arise out of an off-road vehicular accident, which occurred on October 17, 1973, between two large earth moving vehicles. The circumstances surrounding the accident are not material in view of our disposition.
 
 
 2
 On April 28, 1977, U.V. Industries, Inc. and its insurance carrier, The Hartford, filed an action in state court seeking compensation from Gibbons and Reed Company for damages sustained to a vehicle owned by U.V. Industries which was involved in the accident. Following service of summons, Gibbons and Reed petitioned for removal to the United States District Court for the District of New Mexico. The petition for removal was granted.
 
 
 3
 On November 3, 1977, a first amended complaint was filed by U.V. Industries and The Hartford adding, as a party defendant, Don Lee, the driver of the Gibbons and Reed vehicle. Gibbons and Reed, and Lee answered the plaintiffs' complaint, generally denying the allegations contained therein and asserting various affirmative defenses. A counterclaim was also filed by both Gibbons and Reed, and Lee against U.V. Industries, Inc., and The Hartford, for permanently disabling injuries sustained by Lee as a result of the accident.[1]
 
 
 4
 After a limited amount of pretrial discovery, Hartford and U.V. Industries filed a motion to dismiss the counterclaim based on the bar of the three-year statute of limitations contained in N.M.Stat.Ann. § 23-1-8 (1953 Comp.), (currently N.M.Stat.Ann. § 37-1-8 (1978 Comp.)). The District Court issued a memorandum opinion, ruling that the counterclaim for personal injuries was barred by the statute of limitations, except to the extent that it could be used as a set-off to any recovery received by the plaintiffs on their complaint. (R., Vol. I, pp. 175-178). Accordingly, the issues underlying both the complaint and counterclaim were submitted to the jury, with a stipulation between the parties that the District Court adjust the damages awarded in accordance with its prior ruling.
 
 
 5
 Following a four-day trial to a jury of six, verdicts were entered against the plaintiffs on their complaint and in favor of Gibbons and Reed, and Lee on their counterclaims in the sum of $225,000.00. Following submission of these verdicts to the Court, pursuant to the parties' previous stipulation, the District Court ruled:
 
 
 6
 This Court had previously held that the claim for personal injuries was barred by the New Mexico statute of limitations, except that it could be used to offset any recovery of the plaintiffs on their original complaint. The Jury has found that the original plaintiffs were to receive nothing on their original complaint, but that the defendants were to receive $225,000.00. Under the circumstances the award for $225,000.00 was really barred by the statute of limitations. By stipulation of the parties it was agreed that the case would be submitted with the verdicts which were submitted and that the Court would adjust the matters between the parties.
 
 
 7
 Consequently, it appears to the Court that neither party is to receive anything by virtue of the Jury's verdict.
 
 
 8
 IT IS, THEREFORE, ORDERED AND ADJUDGED that neither the plaintiffs nor the counterclaimants receive anything by virtue of the verdict and that neither party is entitled to any relief . . .
 
 
 9
 (R., Vol. I, pp. 298-299).
 
 
 10
 Various issues are presented on appeal. However, our holding that Don Lee's counterclaim for personal injuries is barred by the statute of limitations is dispositive.[2]
 
 I.
 
 11
 We have not found any controlling New Mexico law on the question of whether a plaintiff, by instituting an action, waives the defense of the statute of limitations to a compulsory counterclaim asserted after expiration of the applicable period of time. Thus, we must construe the law of the State of New Mexico in a manner in which the Supreme Court of New Mexico would so construe if faced with similar facts and issues. City of Aurora, Colorado v. Bechtel Corp., 599 F.2d 382 (10th Cir. 1979). In so doing, we may consider all resources, including decisions of New Mexico, other states, federal decisions, and the general weight and trend of authority. Burgert v. Tietjens, 499 F.2d 1 (10th Cir. 1974). Of course, the views of the District Court interpretive of New Mexico laws carry extraordinary force on appeal where there are no controlling state decisions providing clear precedent. Rasmussen Drilling, Inc. v. Kerr-McGee Nuclear Corp., 571 F.2d 1144 (10th Cir. 1978), cert. denied, 439 U.S. 862, 99 S.Ct. 183, 58 L.Ed.2d 171 (1978).
 
 
 12
 Statutes of repose serve several well defined purposes. First, by requiring litigation to be commenced within a prescribed period of time the reliability and availability of evidence is assured. Second, both defendants and the courts, are protected from the burdens necessarily entailed in protracted controversies of unknown potential liability. Thus, statutes of limitation give a measure of finality to the judicial system. They bar litigation of stale claims where plaintiffs have slept on their rights and evidence may have been lost or witnesses' memories faded.
 
 
 13
 These prescriptive statutes of limitation are, by their very nature, arbitrary. They operate against even the most meritorious claims without regard to the nature of the injury involved, the social considerations or the emotional appeal of the claim.
 
 
 14
 The harshness in their application, however, has been dulled somewhat by the judicial maxim that "the law favors the right of action rather than the right of limitation." Slade v. Slade, 81 N.M. 462, 468 P.2d 627, 628 (1970). Nevertheless, it is often stated that "exceptions to statutes of limitations must be construed strictly". Slade v. Slade, supra, 468 P.2d at 628.
 
 
 15
 In determining which statute of limitation to apply to a particular claim, New Mexico has taken the view that it is "the nature of the right sued upon, not the form of the action or relief demanded, (which) determines the applicability of the statute of limitations." Taylor v. Lovelace Clinic, 78 N.M. 460, 432 P.2d 816, 818 (1967). In this case, two particular claims are asserted one, for property damage, and the other for personal injuries. All parties agree that N.M.Stat.Ann. § 23-1-4 (1953 Comp.) (currently, N.M.Stat.Ann. § 37-1-4 (1978 Comp.)) controls U.V. Industries, Inc.'s and The Hartford's claim for property damage. This statute prescribes a four year period of limitations. Lee contends that the same section also covers his action for personal injuries. We disagree.
 
 
 16
 Section 23-1-8 N.M.Stat.Ann. (1953 Comp.) (currently, N.M.Stat.Ann. § 37-1-8 (1978 Comp.)) has consistently been held by New Mexico courts to be the applicable statute of limitations for claims for personal injuries. See: New Mexico Electric Service Co. v. Montanez, 89 N.M. 278, 551 P.2d 634 (1976); Roybal v. White, 72 N.M. 285, 383 P.2d 250 (N.M.1963); Chavez v. Kitsch, 70 N.M. 439, 374 P.2d 497 (1962); Kilkenny v. Kenney, 68 N.M. 266, 361 P.2d 149 (N.M.1961); Peralta v. Martinez, 90 N.M. 391, 564 P.2d 194 (1977), cert. denied, 90 N.M. 636, 567 P.2d 485 (1977); Gaston v. Hartzell, 89 N.M. 217, 549 P.2d 632 (1976). We are bound by the controlling interpretations of state law announced by the New Mexico courts.
 
 
 17
 The parties do not dispute that statutes of limitations apply to both complaints and counterclaims, whether they be compulsory or permissive.
 
 
 18
 Applying these teachings to the case at bar, we hold that a strict application of the statutes of limitations would allow U.V. Industries, and The Hartford, to litigate on their complaint for property damage while, at the same time, precluding litigation on the compulsory counterclaim of Lee for personal injuries. The harshness of this result has been mitigated, in part, by both judicial and legislative action. For example, a majority of courts have held that where a plaintiff institutes an action in a timely manner, the running of the statute of limitation governing the compulsory counterclaim is tolled, provided the counterclaim was not time-barred at the commencement of the plaintiff's action. See : Wright and Miller, Federal Practice and Procedure: Civil § 1419 (1971); 51 Am.Jur.2d, Limitation of Actions, § 78 (1970); Annot., Tort Claim Against Which Period of Statute of Limitations Has Run as Subject of Setoff, Counterclaim, Cross Bill, or Cross Action in Tort Action Arising out of Same Accident or Incident, 72 A.L.R.3rd 1065 (1976).
 
 
 19
 Where the compulsory counterclaim is governed by a shorter statute of limitations than that of the plaintiff's claim, however, a different situation arises. In these cases, if the plaintiff waits until the statute of limitations has run on the claim asserted by the counterclaim, as here, and then commences suit, tolling is of no avail. According to Wright and Miller, supra, some courts:
 
 
 20
 have permitted untimely counterclaims to be asserted on the ground that the ability to seek relief in the form of a common law recoupment, which was a species of defense, survives for as long as plaintiff's claims can be asserted and therefore is not barred by untimeliness. 79 Thus, although defendant cannot seek affirmative relief on his counterclaim, 80 these courts have properly held that defendant may assert a counterclaim to the extent that it defeats or diminishes plaintiff's recovery. 81
 
 
 21
 (Emphasis supplied). (Footnotes omitted).
 
 
 22
 By the enactment of N.M.Stat.Ann. § 23-1-15 (currently N.M.Stat.Ann. § 37-1-15 (1978 Comp.)) it is evident that the State of New Mexico has legislatively adopted this view. Section 23-1-15 specifically states:
 
 
 23
 A set-off or counterclaim may be pleaded as a defense to any cause of action, notwithstanding such set-off or counterclaim may be barred by the preceding provisions of this chapter, if such set-off or counterclaim so pleaded was the property or right of the party pleading the same at the time it became barred and at the time of the commencement of the action, and the same was not barred at the time the cause of action sued for accrued or originated; but no judgment for any excess of such set-off or counterclaim over the demand of plaintiff as proved shall be rendered in favor of the defendant. (Emphasis supplied).
 
 
 24
 Applying this statute to the facts presented, we hold that the District Court did not err. Lee's counterclaim for personal injuries was time-barred at the commencement of the plaintiff's action. Section 23-1-15, N.M.Stat.Ann. (1953 Comp.) expressly allows the assertion of the counterclaim only to the extent that it seeks relief in the form of common law recoupment. It does not make allowance, however, for affirmative relief. "Statutes are to be given effect as written and, where free from ambiguity, there is no room for construction." State v. Elliott, 89 N.M. 305, 557 P.2d 1105 (1977). The statute is specific and unambiguous on its face.
 
 
 25
 Inasmuch as U.V. Industries and The Hartford failed to recover damages under their complaint, Lee's counterclaim could not provide an independent basis for relief. The Court correctly concluded that relief was not available to either party.
 
 
 26
 WE AFFIRM.
 
 
 
 [1]
 Gibbons and Reed sought recovery under the counterclaim on the grounds that their payment of worker's compensation benefits to Lee effected a subrogation of his rights to the extent of the benefits actually paid
 
 
 [2]
 Gibbons and Reed did not appeal from the District Court's judgment