843 F.2d 406
 Prod.Liab.Rep.(CCH)P 11,723
Dolores ARMIJO, Individually, as Personal Representative of
the Estate of James Fray Saulsberry, and as next
friend of Erin Armijo Saulsberry,
Plaintiff-Appellant,
v.
EX CAM, INC. and Armi Tanfoglio Giuseppe, Defendants-Appellees.
 No. 87-1323.
 United States Court of Appeals,
Tenth Circuit.
 March 23, 1988.
 
 Tanya L. Scott of Ortega and Snead, P.A., Albuquerque, N.M., for plaintiff-appellant.
 Alan Konrad and Judith E. Amer of Miller, Stratvert, Torgerson & Schlenker, P.A., Albuquerque, N.M., for defendants-appellees.
 Before McKAY, ANDERSON, and TACHA, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 In this diversity action, the plaintiff sought damages from the importer and the manufacturer of a handgun for death and personal injury resulting from the criminal use of the handgun. The district court granted the defendants' motion to dismiss for failure to state a claim upon which relief can be granted, 656 F.Supp. 771, and plaintiff appeals. Plaintiff has also filed a motion for certification to the New Mexico Supreme Court.[1]
 
 
 2
 In a diversity action, the federal courts are required to apply the law of the forum state. Pound v. Insurance Co. of N. America, 439 F.2d 1059, 1062 (10th Cir.1971). If the state's highest court has not addressed the issue presented, the federal court must determine what decision the state court would make if faced with the same facts and issue. Farmers Alliance Mut. Ins. Co. v. Bakke, 619 F.2d 885, 888 (10th Cir.1980); Hartford v. Gibbons & Reed Co., 617 F.2d 567, 569 (10th Cir.1980). The federal court should consider state court decisions, decisions of other states, federal decisions, and the general weight and trend of authority. Id.
 
 
 3
 Neither the courts nor the legislature in New Mexico has addressed the question of whether a plaintiff states a cause of action against a handgun importer or manufacturer under the circumstances presented in this case. The plaintiff advanced four theories in support of her claim: strict products liability, liability under an "ultrahazardous activity" theory, negligence liability, and a narrow form of strict products liability for "Saturday Night Specials." The district court carefully examined New Mexico law and the law of other jurisdictions, and concluded that the New Mexico court would not adopt any of the plaintiff's theories to recognize a cause of action in this case. We agree with the analysis and conclusions set forth in the district court's opinion, 656 F.Supp. 771 (D.N.M.1987).
 
 
 4
 The plaintiff asserts that it would be "most appropriate" for this court to certify to the New Mexico Supreme Court the question whether her claim constitutes a cause of action under New Mexico law. Whether to certify a question of state law to the state supreme court is within the discretion of the federal court. Lehman Brothers v. Schein, 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974); Holler v. United States, 724 F.2d 104, 105-06 (10th Cir.1983). Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law. L. Cohen & Co. v. Dun & Bradstreet, 629 F.Supp. 1419, 1425 (D.Conn.1986). We note that the plaintiff did not request certification until after the district court made a decision unfavorable to her. Furthermore, the relevant New Mexico law and law from other jurisdictions indicates a clear trend against recognizing this cause of action. We therefore deny the plaintiff's motion for certification and affirm the decision of the district court.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument