51 F.3d 287
 130 Lab.Cas. P 57,872, 10 IER Cases 960
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Theo YEITRAKIS, Plaintiff-Appellant,
v.
SCHERING-PLOUGH CORPORATION, Walter Gough, and Frank
Markovich, Defendants-Appellees.
 No. 93-2187.
 United States Court of Appeals, Tenth Circuit.
 April 6, 1995.
 ORDER AND JUDGMENT*
 
 1
 Before SEYMOUR, Chief Judge, SETH, Circuit Judge, and KANE, District Judge**.
 
 
 2
 This appeal is brought by Appellant Theo Yeitrakis, a citizen of the state of New Mexico, and concerns his dismissal from employment with Schering-Plough Corporation, a New Jersey corporation doing business in New Mexico and other southwestern states. Jurisdiction in the district court was based upon diversity of citizenship. 28 U.S.C. 1332. Our jurisdiction is proper under 28 U.S.C. 1291.
 
 
 3
 At the outset of this litigation Appellant asserted five causes of action. These were breach of an implied employment agreement, defamation by defendants Walter Gough and Frank Markovich as well as under the doctrine of compelled self-publication, intentional infliction of emotional distress, fraudulent and negligent misrepresentation, and prima facie tort. The district court dismissed by summary judgment all but the breach of an implied employment agreement claim and the negligent misrepresentation claim. Appellant elected not to pursue the negligent misrepresentation claim, and following trial to the court on the remaining claim the district court entered judgment for the defendants, finding that although an implied employment contract existed Schering-Plough had reasonable grounds to believe that Appellant had violated company policies and procedures, and thus was within its "right to determine appropriate disciplinary action to include termination." Findings of Fact and Conclusions of Law, at 8 (November 3, 1992).
 
 
 4
 On appeal, Yeitrakis challenges the district court's judgment on the breach of employment contract claim, as well as its grant of summary judgment on Appellant's claim of defamation by compelled self-publication. Schering-Plough contends that although the district court's judgment in favor of defendants is proper and should be affirmed, that court erred in its finding that there existed an implied employment contract requiring a "for cause" discharge.
 
 
 5
 We review a district court's legal conclusions, including its summary judgment determinations, de novo. See Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.). Because of the trial court's unique position with regard to factual presentation, we defer to its factual findings and disturb them only if we determine that they are clearly erroneous. Thompson v. Rockwell Intern. Corp., 811 F.2d 1345, 1350 (10th Cir.). Finally, because this is a diversity case, we must apply the substantive law of the state of New Mexico in our review of the district court's conclusions. Erie R.R. Co. v. Tompkins, 304 U.S. 64; Magnum Foods, Inc. v. Continental Casualty Co., 36 F.3d 1491, 1497 (10th Cir.).
 
 
 6
 Theo Yeitrakis interviewed for employment as a pharmaceutical sales representative with Schering-Plough Corporation in April 1983. Throughout the course of interviewing for the Schering-Plough position, he stated his desire to obtain permanent long-term employment that was not terminable absent cause. Philip Peacock, Schering's manager of the Phoenix, Arizona district, which included Albuquerque, assured Appellant on several occasions that Schering's policy was not to discharge an employee without reason. Peacock assured Appellant of this even after presenting him with an employment letter dated April 28, 1983 which stated in part that either party may terminate the agreement at any time. Peacock's representation was further reinforced by defendant Walter Gough as well as other supervisory employees of Schering. Appellant commenced his employment with Schering-Plough in May 1983.
 
 
 7
 Over six years later, in July 1989, defendant Frank Markovich noticed inconsistencies in Appellant's documented field activities and his sales performance. After discussion with Walter Gough it was determined that an investigation would be conducted to verify Appellant's documented activity.
 
 
 8
 At the conclusion of the investigation in August 1989 it was determined by Markovich and Gough that although Appellant's field activity report for the week in which he was observed gave the illusion of high activity in distant locations in Appellant's territory, in reality he was in Albuquerque during this time, and during certain work hours actually at his residence. Further, Markovich consulted with several doctors who denied that signatures which appeared on Appellant's physician call reports were theirs. Finally, Appellant's expense report and field travel voucher indicated hotel stays and meal expenses at out of town locations as well as high travel mileage on days where Appellant was observed in Albuquerque.
 
 
 9
 Based upon these findings, Appellant received a letter of termination on September 11, 1989. Schering's employee handbook expressly provides that falsification of records and failure to report to work are grounds for discipline which could include discharge.
 
 
 10
 Initially we consider whether there was cause justifying Appellant's discharge. As mentioned above, Schering-Plough has challenged the district court's conclusion that an implied employment agreement requiring cause for discharge existed and argued that its summary judgment motion as to this issue should have been granted. Of course, were we to determine that the district court's finding of an implied contract is erroneous and that the employment agreement was "at will," then under New Mexico law dismissal may be for any reason or no reason at all, without liability. See Hartbarger v. Frank Paxton Co., 857 P.2d 776 (N.M.). If good cause was present justifying Appellant's dismissal, however, then there is no need for us to determine whether the underlying employment agreement was "at will" or "for cause," because dismissal would be appropriate under either.
 
 
 11
 As recited above, Schering-Plough's investigation of Appellant yielded numerous serious infractions for which Appellant was ultimately discharged, including falsification of physician signatures, misuse of Appellant's expense and mileage accounts, and inaccurate reports regarding field activity. On appeal, Appellant makes several assertions in his efforts to establish that his discharge was improper.
 
 
 12
 Initially, Appellant contends that Schering-Plough attempted to change its position by claiming that other causes unknown at the time of the termination could be used in defense of Appellant's actions. Appellant argues that this is improper pursuant to the New Mexico Supreme Court's opinion in Kestenbaum v. Pennzoil Company, 766 P.2d 280 (N.M.), which stated that "a discharge specifying no cause, or an insufficient cause, would be wrongful." Id. at 287. Despite his contention that Schering-Plough changed its position at trial, Appellant fails to explain the nature of this change. Moreover, our review of the record indicates that not only was Appellant fully informed of the results of the investigation of his activities in person, but also that those findings were relied upon by Schering-Plough at trial and formed the basis of the district court's disposition. Consequently, we cannot agree that Schering-Plough's actions in this regard were not in accord with New Mexico law.
 
 
 13
 Appellant next contends that the weight of the objective, credible evidence clearly shows that a person could not reasonably believe that he intentionally falsified documents or otherwise acted fraudulently. Appellant claims that Markovich's investigation relating to physician signatures failed to verify whether the physician calls were actually made. Moreover, Appellant states that he never falsified physician signatures, and that Schering-Plough never told him which signatures were at issue so that he could have the opportunity to verify that at all times he believed he had obtained the proper signatures. In addition, Appellant contends that work hours were not rigid, but flexible in light of the fact that many times territory activity required work well before or after standard hours. Thus Markovich's two observations of Appellant at his house are insufficient to justify the conclusion that he was creating an illusion of high sales activity. Also, Appellant points out that he had made a mistake with regard to his field activity and mileage reports, accidentally switching days with regard to his Thursday and Friday entries for the week in which the discrepancies occurred. However, he was never given the opportunity to explain this mistake or to explain his expense reports regarding the out of town motel stays. Also, Appellant maintains that Markovich failed to check with the motel management regarding claimed lodging expenses. Finally, Appellant maintains that the employee handbook which provides for discharge in the event of falsification of company records was unilaterally adopted in 1987, three years after Appellant commenced his employment with Schering-Plough.
 
 
 14
 In determining whether the alleged infractions provided an appropriate basis for Appellant's discharge, we look to whether Schering-Plough "had reasonable grounds to believe that sufficient cause existed to justify [its] actions in discharging the plaintiff." Kestenbaum, 766 P.2d at 287. Consequently, Schering-Plough need not prove that its assertions are correct; it must merely demonstrate that it acted upon a reasonable belief that cause existed which justified Appellant's discharge.
 
 
 15
 The record demonstrates that there is substantial evidence supporting the district court's finding that there were "reasonable grounds to believe that [Appellant] had violated Schering's policies and procedures." Findings of Fact and Conclusions of Law, at 8 (November 3, 1992). We cannot agree with Appellant that the district court's findings regarding the presence of cause are clearly erroneous. Even under the tougher cause based standard Appellant's dismissal was proper. We do not reach the merits of Schering's argument that there was no implied employment agreement between these parties.
 
 
 16
 Yeitrakis' final contention is that the district court improperly dismissed his claim for defamation under a theory of compelled self-publication. Appellant maintains that dismissing this count of the complaint was not necessarily required because of the absence of New Mexico authority on this tort theory.
 
 
 17
 The district court pointed out that there are no clear indications that New Mexico would recognize such a claim, and noted that only a minority of jurisdictions recognize defamation by self-publication as a cause of action. We conclude that the district court's analysis and consideration regarding this issue are in conformance with this circuit's precedent regarding instances of first impression claims under the law of a particular state. See generally Hartford v. Gibbons & Reed Co., 617 F.2d 567 (10th Cir.) (factors to be considered by the trial court include federal decisions, related state court precedents, and the general weight and trend of authority nationally).
 
 
 18
 Based upon the foregoing, we AFFIRM the judgments of the district court.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 The Honorable John L. Kane, Jr., United States District Judge for the District of Colorado, sitting by designation