MEMORANDUM OPINION ON DEFENDANT’S MOTION FOR SUMMARY JUDGMENT
 

 BLACK, District Judge.
 

 This Opinion addresses Defendants’ June 13, 1996 motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. 171). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that Defendant’s motion is not well taken and should be DENIED.
 

 I. Facts and Procedural History
 

 Lorena and Lucia Barajas (“the Barajas”) are severely developmentally disabled twins. At the time Plaintiffs amended complaint was filed, the Barajas were twenty years old. However, in most areas they function at about an eighteen-month-old level. The New Mexico Human Services Department (“HSD”) assumed custody of the Barajas twins in 1981, and contracted with the Association of Retarded Citizens of Albuquerque (“ARCA”) to provide social services, including foster home placements, for the Barajas. In 1987, ARCA placed the Barajas in the foster home of Margaret Aragon.
 

 In August 1992, the Barajas reached the age of eighteen. As a result, Desert State Life Management Services (“Desert State”) was appointed as their guardian. However, ARCA continued to be responsible for the Barajas’ foster home placements. State supervision of the twins continued, but was transferred from Child Protective Services to Adult Protective Services.
 

 Desert State asserts that after it obtained guardianship of the Barajas, its employees noticed signs of past and ongoing abuse of the Barajas in the foster home of Ms. Aragon. Desert State filed an initial complaint against Defendants Sharon Mullen, Doris Garcia, Martha Foster, Kathy DeWitte, Jack Callaghan, Ruth Rael, Carol Russell and the New Mexico Children, Youth and Families Department (“the Department Defendants”) on August 25, 1994 (Doc. 1) alleging that these Defendants are responsible for the injuries the Barajas allegedly suffered in Ms. Aragon’s foster home. On August 18, 1995, Desert State filed an amended complaint (Doc. 91) asserting similar claims against the Department Defendants.
 

 In count one of its amended complaint, Desert State claims that the Department Defendants Mullen, Garcia, Foster, DeWitte, Callaghan, Rael, and Russell deprived the Barajas of their rights to due process by failing to investigate their alleged injuries. In count two, Desert State claims that the Department Defendants Mullen, Garcia, Foster, DeWitte, Callaghan, Rael, and Russell breached their fiduciary duty in failing to prevent or investigate the alleged abuse of the Barajas. In count three of its amended complaint, Desert State claims that Defendant Howell acted negligently in failing to investigate or prevent the alleged abuse of the Barajas.
 

 On September 1, 1995, the Department Defendants filed an amended answer to Plaintiffs amended complaint (Doc. 96). The Department Defendants moved for summary judgment on Plaintiffs complaint on June 13, 1996 (Doc. 171), asserting that the statute of limitations bars Desert State’s claims against them. This motion is now before the court.
 

 II. Analysis
 

 A. The Standard for Summary Judgment
 

 Summary judgment is proper when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
 
 Quaker State Minit-Lube, Inc. v. Fireman’s Fund Ins. Co.,
 
 52 F.3d 1522, 1527 (10th Cir.1995) (quoting Fed.
 
 *837
 
 R.Civ.P. 56(c)). In determining whether Desert State has presented sufficient evidence to demonstrate a genuine issue of material fact, the Court must view the evidence in the light most favorable to Desert State.
 
 Gross v. Burggraf Constr. Co.,
 
 53 F.3d 1531, 1536-37 (10th Cir.1995);
 
 Quaker State Minit-Lube, Inc.,
 
 52 F.3d at 1527.
 

 B. Statute of Limitations
 

 According to Plaintiffs’ complaint, the acts of abuse toward the Barajas began in 1987 when they were placed in the foster home of Ms. Aragon. In their motion for summary judgment, the Department Defendants assert that for any claims under 42 U.S.C. § 1983 which accrued against the Department Defendants after 1987, N.M.Stat.Ann. § 37-1-8 (Miehie 1990) provides a three year statute of limitations period. The Department Defendants further argue the Barajas’ incapacities terminated when the Barajas turned eighteen-years-old and Desert State was appointed as their guardian. Therefore, the Department Defendants argue, pursuant to section 37-1-10, Desert State had only one year after being appointed as guardian to pursue claims which accrued prior to the date the Barajas reached the age of majority. Because Plaintiffs did not file this suit within one year of their appointment as guardian, Defendants argue that the statute of limitations bars their suit. Plaintiffs respond that the statute of limitations provisions for section 1983 claims that date back to 1987 were tolled by section 37-1-10 and remain tolled despite the appointment of Desert State as Plaintiffs guardian. The pivotal issue before this Court, then, is whether the appointment of Desert State as the Barajas’ guardian terminated the Barajas’ protection under section 37-1-10 as incapacitated persons.
 

 Federal courts must look to the applicable state statute of limitations to determine the timeliness of a claim under 42 U.S.C. § 1983.
 
 Clark v. Musick,
 
 623 F.2d 89, 90 (9th Cir.1980). Federal courts must also consider any applicable tolling provisions provided by state law.
 
 Thomas v. New York City,
 
 814 F.Supp. 1139, 1153 (E.D.N.Y.1993). The United States Supreme Court has held that claims brought under 42 U.S.C. § 1983 are best characterized as personal injury actions for the purpose of determining the applicable state statute of limitations.
 
 Wilson v. Garcia,
 
 471 U.S. 261, 266-80, 105 S.Ct. 1938, 1941 — 49, 85 L.Ed.2d 254 (1985). Accordingly, New Mexico’s three-year personal injury statute of limitations applies to section 1983 claims brought in this state.
 
 See
 
 N.M.StatAnn. § 37-1-8 (Miehie 1990).
 
 [1]
 
 Also applicable to such claims is the provision tolling the statute of limitations for minors and incapacitated persons.
 
 See
 
 N.M.Stat. Ann. § 37-1-10 (Miehie 1990). According to this provision,
 

 [t]he times limited for the bringing of actions by the preceding provisions of this chapter shall, in favor of minors and incapacitated persons, be extended so that they shall have one year from and after the termination of such incapacity within which to commence said actions.
 

 N.M.StatAnn. § 37-1-10.
 

 “As a general rule, the appointment of a guardian or committee for a mentally incompetent person does not have the effect of starting the running of period of limitation tolled by virtue of the disability of mental ineompeteney.” 51 Am.Jur.2d
 
 Limitations of Actions
 
 § 190 (1970 & Supp.1996);
 
 see also Mason v. Ford Motor Co.,
 
 755 F.2d 120, 121 (8th Cir.1985);
 
 O'Brien v. Massachusetts Bay Transp. Auth.,
 
 405 Mass. 439, 541 N.E.2d 334, 337 (1989) ([I]t is plain that the disabilities to which the Legislature is referring are the disabilities of minority or mental incapacity themselves, not the “disability to bring suit.”);
 
 Tzolov v. International Jet Leasing Inc.,
 
 232 Cal.App.3d 117, 283 Cal.Rptr. 314, 316 (1991) (“The applicable limitation period will not run against an incompetent plaintiff simply because the plaintiff has a general guardian.”);
 
 Rittenhouse v. Erhart,
 
 126 Mich.App. 674, 337 N.W.2d 626, 628 (1983) (appointment of guardian for mentally incapacitated person does not remove disabil
 
 *838
 
 ity).
 
 [2]
 
 The New Mexico courts have not yet addressed this issue.
 

 The Tenth Circuit, however, addressed the issue under a similar statute in
 
 Freeman v. Alex Brown, & Sons, Inc.,
 
 73 F.3d 279 (10th Cir.1996). In
 
 Freeman,
 
 the Tenth Circuit considered an Oklahoma statute which reads:
 

 [i]f a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed.
 

 Okla.Stat.Ann. tit. 12, § 96 (West 1988).
 

 The Tenth Circuit relied on the plain meaning of the OMahoma statute to support its holding that the statute
 
 [3]
 
 indefinitely suspends a legally disabled person’s claim until one year after that disability is removed.
 
 Freeman,
 
 73 F.3d at 281-82.
 

 The language of the OMahoma statute and New Mexico’s tolling provision are similar in all critical respects, and this Court may therefore appropriately rely on the
 
 Freeman
 
 court’s reasoning in the present action. Thus, the Court holds that section 37-1-10 does not bar the claims of incapacitated persons until one year after the termination of incapacity, even if the incapacitated persons acquire a general guardian who may legally sue on their behalf.
 

 In reaching this conclusion, the Court also relies on the New Mexico Supreme Court’s ruling that section 37-1-10 “extend[s] the time for completing the bar of the statute of limitations so that the minor shall have an opportunity to act for himself after the disability caused by his minority has been removed.”
 
 Slade v. Slade,
 
 81 N.M. 462, 466, 468 P.2d 627, 631 (1970). The
 
 Slade
 
 court confirmed that tolling statutes preserve the ability of incapacitated person to bring claims on their own behalf until their disability is removed. The Court finds that mentally incompetent persons should possess the same rights under section 37-1-10 that the New Mexico’s Supreme Court extended to minors in
 
 Slade.
 
 The Court therefore holds that 37-1-10 extends the time for the Barajas to file a claim against the Department Defendants until the Barajas’ mental disabilities are removed. Because their disabilities have not terminated, section 37-1-10 continues to toll the statute of limitations, and does not bar Plaintiffs’ claims on their behalf.
 

 The Court will therefore DENY the Department Defendants’ motion for summary judgment on Plaintiffs first amended complaint.
 

 An Order in accordance with this Memorandum Opinion will issue.
 

 [1]
 

 . Section 37-1-8 states in relevant part that actions must be brought for an injury to the persons or reputation of any person, within three years. N.M.Stat.Ann. § 37-1-8.
 

 [2]
 

 . If the Barajas' civil rights claim fell under the Federal Tort Claims Act (FTCA) — which it clearly does not — this general rule would not apply. 28 U.S.C. § 2401 (1994). For claims that fall under the FTCA, courts have generally ruled that minority and mental incapacities do not toll the statute of limitations.
 
 See Maahs v. United States,
 
 840 F.2d 863, 866 n. 4 (11th Cir.1988) (extensions and tolls applicable to normal statues of limitations do not operate to lengthen the two year period for bringing claims under the FTCA.);
 
 Childers v. United States,
 
 442 F.2d 1299, 1303 (5th Cir.1971);
 
 Casias v. United States,
 
 532 F.2d 1339, 1342 (10th Cir.1976);
 
 Jastremski v. United States,
 
 737 F.2d 666, 669 (7th Cir.1984) (child's minority does not toll the running of the federal tort claims statute of limitations). Courts considering FTCA claims have also held that even if the statute of limitations is tolled for mental incapacity, that toll ends when the plaintiff obtains a guardian.
 
 See Crawford v. United States,
 
 796 F.2d 924, 927 (7th Cir.1986).
 

 [3]
 

 . Unlike some other states, the Oklahoma tolling provisions does not contain language that triggers the statute of limitations on an incapacitated person when a legal representative is appointed for that individual.
 
 Compare
 
 Okla.Stat.Ann. tit. 12, § 96 and N.M.Stat.Ann. § 37-1-10 with Colo.Rev.Stat. § 13 — 81 — 103(l)(a) and
 
 Goldsmith v. Learjet, Inc.,
 
 90 F.3d 1490 (10th Cir.1996) (discussing the Colorado statue of limitations tolling provision for person under disability).